No. 9261.

ARKANSAS VALLEY RAILWAY, LIGHT AND POWER COMPANY v. BALLINGER.

1. WORKMEN'S COMPENSATION LAW—*Claim Under.* Merely addressing a letter to the Commission, stating the death of the writer's husband, and that she will apply for compensation, is not a claim under the statute, and has not the effect to deprive the writer of her action against the culpable employer.

2. —— *Pleading.* An employer charged with the death of an employee, attributed to his negligence, must if he would assert that the plaintiff presented a claim to the commission, and so lost her action, plead that the deceased employee or the employer himself, was, at the time of the accident, subject to the operation of the Workmen's Compensation Act.

3. MASTER AND SERVANT—*Duty to Servant of Master Employing Electricity.* One who sends to a place where the electric current is received and distributed a servant who has no special knowledge of electricity or electrical appliances, is bound to the highest degree of care, caution, and foresight consistent with the practical conduct of his operations, to avoid injury to such employee. The doctrine of the *Denver Company v. Simpson,* 21 Colo. 371, and the cases which follow it, is not to be so construed as to limit the duty in such cases to the public, at places away from the power station.

The evidence examined and held to convict the employer of negligence.

*Error to Teller District Court, Hon. John W. Sheafor, Judge.*

Mr. WILLIAM J. MILES, for plaintiff in error.

Mr. FRANK J. HANGS, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS is an action by defendant in error, plaintiff below, to recover damages on account of the death of her husband, alleged to have been caused by the negligence of the defendant Power Company.

The defendant company was engaged in supplying electric power and machinery to its patrons in the Cripple Creek Mining District. In this case it had employed The Colorado Trading and Transfer Company, then engaged in the business, among other things, of moving machinery and materials in and about the district, to move two electric transformers, then located at its Los Angeles distributing station to another point.

One Yates was in charge of the Trading Company's work of handling and moving heavy machinery, and, working with and under the direction of Yates, the plaintiff's husband was employed. These men proceeded with teams to the distributing station for the purpose of moving the transformers. At the time Mr. Nevatt, who had charge of the station for the defendant was absent. He lived, however, with his family, in a part of the building. Yates asked Mrs. Nevatt which of the transformers were to be moved. She thereupon called her husband over the telephone, who advised her, and which information she conveyed to Yates. Yates and Ballinger then proceeded to place the transformer on a truck, operated on a track, and for that purpose, and moved the truck with the transformer toward the door. The men then discovered that the transformer would not go under the door, this being a door that was raised and lowered by means of a cable and pulley. Yates then asked Mrs. Nevatt to advise her husband of this fact, and for instructions in the premises. Nevatt then instructed that the door be removed, and testifies that he ordered it removed and placed south of the doorway.

In the meantime an employee of defendant, relative of Mrs. Nevatt, and apparently employed about the premises, advised Yates of the location of a lightning arrester, and that it was made to carry the main current of electricity,

and asked them to be careful to guard against contact with it. This man afterward and before the accident turned on the current in the arrester, which seemed to make so much noise, and cause so many sparks as to frighten Ballinger, who was unused to electrical machinery. Yates and Ballinger proceeded to move the door toward the north, but after moving it some distance, were unable to proceed for the reason that the cable which had been spliced at the point would not go through the pulley. Yates then found that it would be necessary to remove the clevice from the pulley in order for the cable to pass over it. He discovered that there were two electric wires running above the pulley and asked of the watchman as to whether or not they were charged, and advised him that they were not, but were "dead" wires.

He then secured a ladder and instructed Ballinger to go upon it and release the clevice. This Ballinger did, and with a monkey wrench undertook to turn the nut on the bolt holding the clevice. In doing this the wrench slipped from the nut, striking one of the two wires, which was in fact charged with electricity, Ballinger thereby receiving the current, from the effect of which he lost control of his muscles, and sank or fell on the arrester, where he received the shock that finally caused his death.

It appears that the wire which was so struck by the wrench was bare, or not insulated, for a space of about two inches at that point. The door was covered on both sides with sheet iron, and the testimony is that if Ballinger had one hand on the door, this would create a short circuit, causing the current to pass through his body.

Verdict and judgment was rendered for the plaintiff.

The plaintiff in error contends that the court erred in refusing to permit it to introduce testimony in support of its defense, alleging that the plaintiff had filed her claim for compensation with the Industrial Commission under the Workmen's Compensation Law, and that thereby, and by operation of law, she had assigned whatever right or cause

of action she may have had against the defendant on account of the death of her husband, and is not now the owner of said claim.

The court permitted such testimony in the absence of the jury but excluded the same from the jury.

The defendant did not plead that either Ballinger or his employer The Colorado Trading and Transfer Company, were at the time subject to the provisions of the Workmen's Compensation Law, which is a necessary prerequisite to recovery under that law, and for such reason alone the testimony was properly excluded.

But the testimony offered shows that the plaintiff did not make any such application. What she did was to write the Commission a letter stating the fact of the accident and death of her husband, and that she would apply for compensation. The commission replied to this letter enclosing an application blank but nothing further was done. This cannot constitute an election under the law, even though the parties had been subject to its provisions, which does not appear either from the pleadings or proof offered.

It is further contended that the court erred in giving the jury instruction No. 10, over the objection of defendant, as follows:

"You are instructed that the defendant was bound to exercise the highest skill, most consummate care and caution, and the utmost diligence and foresight in the maintenance and timely inspection of its electrical plant which was attainable consistent with the practical conduct of its business, according to the best known methods of the said business at and prior to the time of the accident in question, to protect all persons from injury."

It is urged that the defendant in this case may be charged with the exercise of ordinary care only.

The substance of this instruction has been approved by this court in *Denver Electric Co. v. Simpson*, 21 Colo. 371; 41 Pac. 499, 31 L. R. A. 566; *Denver Con. Elec. Co. v. Lawrence*, 31 Colo. 301, 73 Pac. 39, and *Colo. Springs Elec. Co.*

*v. Soper,* 38 Colo. 126, 88 Pac. 161, and may be regarded as the well settled law in this state in such cases.

The defendant undertakes to distinguish the facts of these cases from those of the case at bar, and presents the argument that the care imposed by those cases had reference only to the duty of the company in relation to the safety of the public, outside, and away from, its power station, while in this case the accident occurred within the four walls of its power room, and toward those who with full knowledge of the character of the place, enter therein for their own purposes.

As to the latter statement, there is no testimony in the record to indicate that either Yates or Ballinger had special knowledge of electricity or electrical appliances, while there is positive testimony that Ballinger did not. The place was one where defendant received and distributed electric current; where it stored and kept transformers; where there must always be great danger, and where its duty to avoid danger was at least high, if not greater, in degree, than could be expected at possibly any other point within its operations. To this place it directed the employer of the deceased to perform a service for it. It was its clear duty to exercise the highest degree of care, and to use its utmost degree of caution and foresight, consistent with the practical conduct of its operations there to be transacted, to avoid such an accident as occurred.

This duty applies to any one lawfully engaged upon the premises. The rule is stated in 9 R. C. L., p. 1206, to be:

"This duty of using the necessary skill and prudence to prevent the injury to persons coming in contact with their wires is imposed upon electric companies, not only as regards the public generally, but also with respect to any individual engaged in a lawful occupation in a place where he is entitled to be. Such persons are not trespassers or licensees bound to take the premises in the condition in which they find them."

It is further urged in substance that the shock received from the wire above the door was not the proximate cause of the death of Ballinger, but that it occurred by reason of his own negligence in moving the door in the direction of, and hence being near the arrestor, so as to fall upon it, when, if they had moved the door in the opposite direction he would not have been near the arrester, and could not have fallen upon it. The fact is that but for the wire being defective, and charged with electricity, contrary to the representation made to the deceased by the watchman in charge, there is no indication that the accident would have occurred at all. There was sufficient proof in this respect to justify the jury in finding that this defective wire so charged was the proximate cause of the accident.

In *Birsh v. Citizen's Electric Co.*, 36 Mont. 574, 93 Pac. 940; a hod carrier working on a scaffold near a wall being constructed, slipped and involuntarily threw out his hand which came in contact with one of defendant's wires heavily charged with electricity, which as in the case at bar, caused him to fall, and to be severely injured by the fall. The court said:

"So far as the injuries received by plaintiff from coming in contact with the wire directly are concerned, we think it is a fair inference from the evidence that the negligence of the defendant was the proximate cause thereof. At least we are satisfied that it was a matter properly submitted to the jury for its determination. This is the holding of the Supreme Court of Massachusetts in *Griffin v. United Electric Light Co.*, 164 Mass. 492, 49 Am. St. Rep. 477, 41 N. E. 675, 32 L. R. A. 400, a case somewhat similar in its facts. Certainly, it cannot be said that plaintiff's accidental slipping was *per se* negligence on his part. In this state the law presumes that the plaintiff exercised ordinary care."

In this case it must be assumed that the wire causing the injury was insulated as a necessary precaution against injury, and if the defendant permitted a part of this wire to become and remain without insulation, it failed to exercise

the caution which itself regarded as necessary, for if it did not know of the defect, it could by the exercise of proper diligence have known of the defective condition.

Beside, the workman before attempting to remove the clevice made particular inquiry of the employee then present, as to whether or not the wire was charged with electricity, and was expressly told that it was not.

It is contended that this workman was not authorized to make such a statement for the reason that he was not in fact in charge of the premises by authority. He was an employee of defendant; assumed to speak for it; and in the presence of the deceased, and his foreman Yates was exercising control and authority, by turning on the heavy voltage through the arrester. It was for the jury to say whether in view of all the facts and circumstances, the deceased and his foreman, were justified in believing this workman was speaking and acting with knowledge and authority to do so.

We think the question of negligence on the part of defendant, and that of alleged contributory negligence on the part of the deceased, was properly submitted to the jury.

The judgment is affirmed.

Hill, C. J., and Garrigues, J., concur.