## DOLESE BROS. v. TOLLETT.

No. 22611. Opinion Filed Feb. 28, 1933.

J. Fred Swanson, Owen & Looney, and Paul Lindsey, for plaintiff in error.

William F. Smith, for defendant in error.

ANDREWS, J. This is an appeal by the defendant from a judgment of the district court of Oklahoma county in favor of the plaintiff in that court. The action was one to recover a money judgment for damages sustained from a personal injury.

The defendant contends herein that the district court did not have jurisdiction of the subject-matter of the action, and bases that contention on an assertion that the jurisdiction of the action was in the State Industrial Commission.

The evidence discloses that Campbell & Price had contracted with the owner of the Skirvin Hotel in Oklahoma City to construct an addition to that building; that H. H. Enders had contracted with them to furnish the material and labor necessary for the plastering of that addition; that H. H. Enders had employed the plaintiff as one of those laborers; that the plaintiff was injured; that the injury arose out of and in the course of his employment with H. H. Enders, and that the injury was within the scope of the Workmen's Compensation Act. [O. S. 1931, sec. 13348 et seq.].

The evidence further discloses that the defendant had contracted with H. H. Enders to furnish the sand necessary for the plastering of the addition; that the defendant had in its employ a certain truck driver; that that truck driver was delivering a load of sand for the defendant to H. H. Enders on the Skirvin Hotel property for use in plastering the addition; that he started the truck in such a manner as to cause a steel door on the end of the truck to fall; that the plaintiff's hand was caught between the body of the truck and the door; that an injury was sustained by the plaintiff; that the truck was not under the control, supervision, or direction of H. H. Enders; that the truck was under the control of the defendant and its employee, the truck driver, and that the plaintiff was not in the employ of the defendant or of any subcontractor of the defendant.

The defendant contends that the plaintiff and the defendant were in the same employment within the meaning of section 13368, O. S. 1931 (section 7302, C. O. S. 1921), which provides as follows:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before

any suit or claim under this act, elect whether to take compensation under this act, or to pursue his remedy against such other: * * *"

that the trial court erred in refusing to so hold, and that the trial court erred in refusing to submit to the jury the question as to whether or not they were in the same employment.

A trial court is required to determine the legal question of whether or not it has jurisdiction of the subject-matter of an action presented to it for determination. If it does not have jurisdiction of the subject-matter of the action, it cannot legally impanel a jury to submit any question to a jury. It is neither authorized nor required to submit to a jury the question of whether or not it has jurisdiction of the subject-matter of an action.

The provision of the statute, supra, is applicable only when the injury is by one "not in the same employ," and we must determine from the record whether or not the injury sustained by the plaintiff was caused by the negligence or wrong of another not in the same employ. The record shows that the injury was caused by the negligence of the truck driver of the defendant. He was in the employ of the defendant. The plaintiff was not in the employ of the defendant. The defendant was not in the employ of H. H. Enders. The plaintiff was in the employ of H. H. Enders. The defendant was not in the employ of anyone. It was a contractor selling and delivering building material. The provision of the section quoted, supra, authorized the plaintiff to elect whether to take compensation under the act or to pursue his remedy in the district court. Had he elected to take compensation under the act, he would not have been entitled to compensation as against the defendant, for the defendant was not an employer of the plaintiff. He would have been entitled to compensation as against H. H. Enders and his cause of action against the defendant would have been assigned to the insurance carrier liable for the payment of such compensation, who might have proceeded against the defendant. For this court to hold that the district court did not have jurisdiction of the subject-matter of this action would be for it to hold that the defendant was not liable to the plaintiff, either at law or under the Workmen's Compensation Act, for the negligence of its employee, and to hold that though H. H. Enders and his insurance carrier were liable under the Workmen's Compensation Act to the plaintiff, they could not recover from the defendant for the negligence of its employees. The Workmen's

Compensation Act can be given no such construction.

The defendant relies on the decision of this court in Thompson v. Kiester, 141 Okla. 69, 283 P. 1018. If the language used in that decision was intended to mean that a contractor is an employee within the meaning of the act, it is specifically overruled, for, in the language of this court in Fox v. Dunning, 124 Okla. 228, 255 P. 582:

"The act does not make an employee out of one who was not an employee theretofore. * * *"

As stated in Thompson v. Kiester, supra, the determining factor is whether or not the injured person and the person causing the injury were in the same employ. The record in this case shows that the defendant was not in the same employ as the plaintiff.

The defendant contends that the verdict of the jury was excessive.

The evidence shows that the plaintiff lost about $250 in loss of time, a portion of the forefinger, and a complete loss of the use of the forefinger. The jury took those facts into consideration, together with the evidence of suffering and disfigurement of the plaintiff's hand, and returned a verdict in the sum of $1,000. The cause was fairly tried and free from any evidence of passion or prejudice. This court cannot say that the judgment of $1,000 is excessive.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.