[Criminal No. 815.   Filed July 8, 1935.]

[47 Pac. (2d) 442.]

C. KELLER, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. V. L. Hash, for Appellant.

Mr. Arthur T. La Prade, Attorney General, Mr. P. H. Brooks, Assistant Attorney General, and Mr. M. M. Hill, City Attorney, for Respondent.

LOCKWOOD, C. J.—This is an appeal by C. Keller, hereinafter called defendant, from a judgment of the superior court of Maricopa county sentencing the defendant to pay a fine of $25 and costs of $54 for the crime of reckless driving, or to be imprisoned

in the county jail for a period of not in excess of twenty-five days. While the case on its face is one of minor importance, yet it involves questions of law which merit most careful and serious consideration.

The facts necessary for a determination of the matter may be stated as follows: A complaint was filed in the city court of the city of Phoenix on the 30th day of December containing the following allegations:

"That one C. Keller on or about the 23rd day of December, 1933, at said City of Phoenix, County and State aforesaid, has committed a misdemeanor, as follows, to-wit:

"That he, the said C. Keller, on or about the 23rd day of December, 1933, at and in the said City of Phoenix, did then and there and upon certain streets in said City, to wit, on 7th Avenue and Grant Street, willfully and unlawfully drive a vehicle, to wit, an automobile, carelessly and heedlessly and in willful and wanton disregard for the rights and safety of others and without due caution and circumspection and in a manner and at a speed so as to endanger other persons and property there being.

"All of Which is contrary to the form of the Ordinance in such case made and provided, and against the peace and dignity of the City of Phoenix and the said State of Arizona."

The case was tried to the court, which found defendant guilty, and he was fined $25 with the alternative of imprisonment, whereupon he appealed to the superior court of Maricopa county. The case was tried in that court before a jury, which also found the defendant guilty, and he was sentenced to pay a fine of $25 and $54 costs, or, in lieu thereof, to suffer imprisonment, and from such judgment this appeal is taken.

There are a number of assignments of error, but we think we need consider only the first one, which reads as follows:

"1. For error of the court in overruling the objection of defendant to any evidence being given under the complaint for the reason that the complaint was void and that the ordinance under which the complaint was drawn purported to legislate on a subject of general moment which had theretofore been legislated upon by the State laws of the State of Arizona, and that the ordinance was in conflict with the State law, unconstitutional, void, and of no force and effect."

The city of Phoenix is a so-called "home rule" city, having framed its charter under section 2, article 13, of the Constitution of Arizona. By the charter the legislative powers of the city are vested in a city commission, and the commission on November 27, 1929, regularly passed ordinance 1492, which was a regulatory traffic ordinance, governing the operation of automobiles on the streets of the city. The ordinance contained, among other things, the following section, "Section 56. *Reckless Driving*. Any person who drives any vehicle upon a street carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving," and it was upon this section that the complaint was based. There is no express power in the charter of the city of Phoenix authorizing it to adopt ordinances regulating drivers of motor vehicles in the use of its streets and public ways, and if such power can be implied therefrom, it must be from the provisions of sections 1 and 2, chapter 4, of the charter which read, in part, as follows:

"Section 1. The legislative powers of the City of Phoenix shall be vested in and exercised by the Commission except as herein limited or reserved to the electors of the city. The legislative powers of the

city shall extend to all rightful subjects of legislation not forbidden by the constitution of the United States, the constitution or laws of the State of Arizona, or the provisions of this Charter.

"Section 2. As the legislative organ of the City of Phoenix, the Commission, subject to the provisions and restrictions of this Charter, shall have the power by proper ordinances or resolutions, to carry out each and every power, right, and privilege herein and hereby vested in the City of Phoenix, and by such legislation to enforce said rights, powers and obligations, and to secure the performance of all obligations and indebtedness to others. And in addition to the powers hereinabove enumerated and referred to, the city, and the Commission acting for and in its behalf, shall have the further powers hereinafter enumerated and set forth, to-wit. . . .

" '(64) To enact appropriate legislation and do and perform any and all other acts and things which may be necessary and proper to carry out the general powers of the city or any of the provisions of this Charter; to exercise any and all powers not in conflict with the constitution of the State, with this Charter, or with the ordinances adopted by the people of the city; to do and perform all acts required by the laws of the State; to exercise and carry into effect whenever deemed necessary or proper, any and all additional powers vested in the city or the Commission by the laws of the State.' (The first 63 subdivisions of section 2 are specific grants of power, none of which refer to the subject matter under discussion.) ''

It is the contention of defendant that the entire subject of the use of public highways in the state of Arizona, including the streets of all incorporated cities thereof, has been fully covered by the legislature in chapter 31, Revised Code 1928, commonly known as the "Highway Code," and that it has particularly dealt with the subject of reckless driving in section 1689, Revised Code 1928, which reads as follows:

"§ 1689. *Reckless driving; penalty.* Any person who drives any vehicle upon a highway without due caution and at a speed or in a manner endangering or likely to endanger any person or property, shall be guilty of a misdemeanor and punished by imprisonment in the county jail for not less than five nor more than ninety days, or by a fine of not less than twenty-five dollars, nor more than two hundred and fifty dollars, or by both such fine and imprisonment."

It is his further contention that by so doing the legislature has withdrawn from all municipalities the right to legislate on the subject of reckless driving on the streets of the municipality, and that the ordinance under which the complaint in this case was drawn attempts to cover the precise subject covered by section 1689, *supra,* and is therefore void. If this be true, it necessarily follows that a complaint predicated thereon does not state a public offense, and a conviction upon such a complaint is a nullity. In support of this contention he refers to the very recent case of *Clayton* v. *State,* 38 Ariz. 135, 297 Pac. 1037, 1038, rehearing denied 38 Ariz. 466, 300 Pac. 1010.

It is the contention of the state: First, that the legislature has expressly excluded all highways in incorporated cities of the character of Phoenix from all the provisions of the Highway Code that are not specifically by such Code stated to be applicable thereto. In support of this position it cites section 1687, Revised Code 1928, which reads as follows:

"§ 1687. *Width of highways; errors in establishing.* All highways heretofore constructed, laid out opened or established as public highways by the territory or state or by any board of supervisors or legal subdivision of the state, and which have been used continuously by the public as thoroughfares for free travel and passage for two years, or more, regardless of any error, defect or omission in the proceeding to establish such highways, or in the recording of such

proceedings, and all highways which shall be hereafter established pursuant to law, are hereby declared to be public highways sixty-six feet wide, unless the width thereof is otherwise specified; *provided, that no portion of a public highway within the limits of an incorporated city or town having a population of more than twenty-five hundred shall come under the provisions of this chapter except as specifically provided for herein.*" (Italics ours.)

Second, that even if the ordinance is invalid, under the principles laid down in the Clayton case, *supra,* that nevertheless the complaint charges a public offense under the provisions of section 1689, *supra,* and that defendant was legally tried and convicted of such offense in courts which had full jurisdiction to hear a charge under said section, to wit, the city court of the city of Phoenix and the superior court of Maricopa county.

It will be seen that the questions involved are of considerable importance, both as to the respective powers of the state and of many of our incorporated cities in controlling traffic in such cities, and as to the jurisdiction of police courts and of the superior courts.

We consider first the validity of the ordinance. The general principle involved was considered and discussed by us very elaborately in the case of *Clayton* v. *State, supra.* In that case we determined whether an ordinance of the city of Phoenix, which read in part as follows, "It shall be unlawful for any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon any street or other public way," was void because of section 1688 of the Highway Code (Rev. Code 1928), which reads as follows:

"§ 1688. *Driving while under influence of liquor or drugs; penalty.* Any person under the influence of intoxicating liquor or narcotic drugs, or who is

an habitual user of narcotic drugs, who shall drive any vehicle upon any highway within this state shall be guilty of a misdemeanor and punished by imprisonment in the county jail for not less than ninety days, nor more than one year, or by fine of not less than two hundred nor more than five thousand dollars.''

And, after considering the question, we said:

''We have this situation: The sovereign state and one of its agencies, the city of Phoenix, have legislated upon the identical subject-matter, for the same purpose, to wit, to secure·the safety of travel upon the highways of the state. The prohibition in the city ordinance and in the statute is not against inebriety, but against driving on the highways while under the influence of liquor. The provisions in each are primarily regulatory, the punitive feature being incidental. Their purpose is to secure safe driving of a very dangerous instrumentality, which is not regarded as possible when the driver's condition is influenced by intoxicating liquor. Have these two jurisdictions concurrent power to legislate on the same subject-matter, as they have done? There is no question about the state's right. The state, acting through its legislature, has plenary power over the highways of the state, including those within .cities and towns. It is said:

'' 'Such power (to control and regulate the use of highways) may be delegated to local authorities, but the power so delegated will be strictly construed, and the authorities to whom it is delegated must keep within the limits of the grant, and cannot exercise it beyond what is necessary to facilitate travel.' 29 C. J. 646, § 409. . . .

''There is no power, either express or implied, in the charter authorizing the legislative body of the city of Phoenix to pass a by-law making it a crime to drive a motor vehicle on highways while under the influence of intoxicating liquor. If the city possesses such power, it must be found in the general laws, and the only expression in the general laws that might be said to confer such power is found in section 408, Revised Code of 1928, reading;

" 'In addition to the powers already vested in cities by their respective charters and by the general laws, cities and their common councils shall have the following powers: 1. To lay out and establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, parks and public grounds and vacate the same; to plant trees thereon; to regulate the use thereof. . . . '

"We think the power therein conferred 'to regulate the use' of streets, alleys, etc., must be construed in connection with the limitations expressed and implied in the Highway Code. The latter has declared who may drive motor vehicles upon the highways of the state; has provided for the licensing (section 1655 et seq.), and the grounds upon which their licenses may be revoked (section 1664 et seq.), naming as one of such grounds the driving of a motor vehicle while under the influence of intoxicating liquor, and under section 1688 has made it an offense to drive while in such condition. In other words, the legislature in the Highway Code has made all of these things, as to the qualification or fitness of motor vehicle drivers and their punishment for infractions of the regulations therein prescribed, 'state affairs,' taking from municipalities the power to legislate thereon as effectively as if directly prohibited to them. . . .

"We conclude that the legislature in the Highway Code has determined that the sobriety or insobriety of a motor vehicle driver on the public highways of the state is a matter of state-wide policy and concern, and that it was desirable that the rule with reference to such drivers should be uniform throughout the state.

"It follows, then, that section 55 of Ordinance No. 1492 of the city of Phoenix is invalid, and that the court was without jurisdiction of the defendant or the subject matter."

In the opinion on the motion for rehearing we said:

" . . . Where the subject is one of local interest or concern, or where though not of local concern the charter or legislation confers on the city express

power to legislate thereon, both jurisdictions may legislate on the same subject. Where, however, the subject is of state-wide concern, and the legislature has appropriated the field and declared the rule, its declaration is binding throughout the state."

The language thus used is just as appropriate to the ordinance and the section of the statute under consideration in the present case as it was to those we considered in the Clayton case, and following that case we hold that the subject of reckless driving is of state-wide concern, and the legislature has appropriated the field and declared the rule governing it.

■■■■ The objection that the proviso in section 1687, *supra*, excludes all public highways in certain cities from the provisions of section 1689 and therefore leaves the subject of reckless driving in such cities under their control, in accordance with the rule laid down in the Clayton case, is of more difficulty. The chapter in which both sections 1687 and 1689 are contained is chapter 31 of the Revised Code of 1928, and there is no specific statement in the chapter that public highways in cities of the class mentioned are subject to the provisions of section 1689. If we are to give a literal interpretation to the language of the proviso, it would seem that the objection is well taken, for it states in so many words that "no portion of a public highway within the limits of an incorporated city or town having a population of more than twenty-five hundred shall come under the provisions of this *chapter* except as specifically provided for herein." This would mean that the legislature had failed to deal with the subject of reckless driving in such cities, and the matter was therefore open for the cities to handle it as they saw proper. But was this the intent of the legislature when it adopted the proviso of section 1687, *supra?* An examination of

chapter 31, *supra,* will show that such a construction would lead to a most astounding and disastrous condition. This chapter contains 169 sections and, as we said in *Clayton* v. *State, supra,* is obviously intended to establish a complete Highway Code. There are 11 articles in the chapter, dealing with the state highway department, state highways and routes, state highway funds and budgets, the use of highways by vehicles, motor vehicle fuel and license taxes, common carrier taxes, the use of prison labor on highways, toll roads, ferries and bridges, county highways and various definitions and penalties for illegal use of the highways.

In article 4 thereof, which regulates the use of highways by vehicles, we find rules in regard to the direction and speed of traffic, passing vehicles, turning at intersections, signals on starting and stopping, right of way, passing street cars, stopping on highways, and almost innumerable similar regulations. Nowhere in the chapter is it expressly stated that any of these shall apply to public highways in cities of the character mentioned in the proviso, while a few of them expressly state that cities may modify them. If none of these rules apply to cities, why is it necessary expressly to give the cities authority to modify them? The violation of these rules is in most cases made a misdemeanor, but the failure to observe at least one of them, to wit, the requirement of stopping in the event of an accident, is a felony. If we are to give to the proviso the construction placed on it by counsel for the state, it will mean that none of these many provisions of the Highway Code are applicable to cities of the character in question. It will permit these cities to make rules differing in character in each municipality involved, and at variance with the general rules for highway traffic throughout the state. It will make it a felony for a man who fails to stop

after a collision upon the highways outside of such a city, while the city may or may not require him so to stop, but in any event cannot make his failure to do so more than a misdemeanor, for cities may not create felonies. Such a construction would introduce utter chaos into the regulation of motor traffic in the state of Arizona, a subject which more than almost any other demands increasingly uniform and rigid regulation. It seems to us that to attribute to the legislature an intent to reach such a result is as absurd as it would be disastrous. It is a universally recognized rule of statutory construction that the intent of the legislature is the vital test in the construction of statutes, and that all rules of construction are merely meant as aids to determine such intent.

It is also almost universally held that when the literal language of a statute will result in an absurdity, an impossibility, or a meaning which, from the general context of the statute, is clearly at variance with the legislative intent, courts may and will alter, modify or supply words to the statute in order to give effect to the manifest intention of the legislature. *Deyo* v. *Arizona Grading & Const. Co.*, 18 Ariz. 149, 157 Pac. 371, L. R. A. 1916E 1257; *Frontier Milling & Elevator Co.* v. *Roy White etc. Co.*, 25 Idaho 478, 138 Pac. 825; *Capp* v. *People,* 64 Colo. 58, 170 Pac. 399; *Kitchen* v. *Southern Railway,* 68 S. C. 554, 48 S. E. 4, 1 Ann. Cas. 747; *Trustees', Executors' & Securities Ins. Corp.* v. *Hooton,* 53 Okl. 530, 157 Pac. 293, L. R. A. 1916E 602; *Commonwealth* v. *Herald Publishing Co.*, 128 Ky. 424, 108 S. W. 892, 16 Ann. Cas. 761; *Meier* v. *Superior Court,* 67 Cal. App. 135, 227 Pac. 490; 25 R. C. L., p. 976; 59 C. J. 991.

Section 1687, *supra,* deals solely with the width of highways and declares them to be sixty-six feet wide

unless otherwise specified, and then follows with the proviso under consideration. We are of the opinion that it is clearly evident the legislature inadvertently used the word "chapter" when it intended to use the word "section." Making the substitution, the limitation only applies to the width of public highways, and in substance says that the sixty-six foot rule does not apply to incorporated cities of the character named, the width of the highways in such cities being left to the city authorities.

We therefore hold that the word "chapter" found in section 1687, *supra,* was intended by the legislature to be "section," and the proviso therefore affects only the width of public highways in cities of the class described.

Ordinance 1492 of the city of Phoenix, in so far as it attempts to regulate the subject of reckless driving, is therefore invalid because the legislature has completely covered that subject in section 1689, *supra.*

We consider next the contention that, notwithstanding this fact, the defendant was nevertheless convicted on a complaint charging a public offense in a court of competent jurisdiction. It is true that the charging part of the complaint above set forth is sufficient to state a public offense under section 1689, *supra.* It is also true that the superior court of Maricopa county has original jurisdiction to try offenses against the provisions of that section. Section 6, art. 6, Constitution of Arizona. The case, however, was commenced in the city court of the city of Phoenix, and it was taken to the superior court of Maricopa county on appeal. Counsel for the state urges that by the provisions of section 438, Revised Code 1928, the city court of the city of Phoenix also has authority to try offenders for violation of the provisions of section 1689, *supra.* Section 438 reads in part as follows:

"§ 438. *Courts created; jurisdiction.* There is hereby established for each of the cities and towns, incorporated under the general laws of this state, a police court; said court shall have jurisdiction of all cases arising under the ordinances of the city or town in which it is established, and shall also have concurrent jurisdiction with justices of the peace in the precincts where said city is established, over all violation of the laws of the state committed within the limits of said precincts, and of all civil matters arising and triable therein. . . . "

It is therefore true that police courts established under the section last quoted have jurisdiction to try offenders for the violation of section 1689, *supra.* But the police court of the city of Phoenix is not established under the provisions of section 438, *supra.* It derives its powers from chapter 8 of the charter of the city of Phoenix, which establishes the court and defines its jurisdiction, which does not include proceedings of a criminal nature for the violation of any state law. The city court therefore had no jurisdiction to try the present case, even if we are to consider the complaint as stating a public offense under the provisions of section 1689.

It may be urged, however, that since cases are tried *de novo* in the superior court we may treat the action as though it had been commenced in that court, disregarding the title of the court set forth in the complaint, and the allegations that the offense was against the ordinance. Although this would indeed be a most liberal application of section 22, article 6, of the Constitution, it might perhaps be permitted were it not for the provisions of sections 4976 and 4982, Revised Code 1928, which read, so far as material, as follows:

"§ 4976. *Prosecution must be by indictment or information; exceptions.* Every felony and every misdemeanor over which the superior court has original

jurisdiction, must be prosecuted by indictment or information, and every misdemeanor may be prosecuted by indictment or information. . . . ''

''§ 4982. *Essentials of sufficiency.* The indictment or information is sufficient, if it can be understood therefrom: That it is entitled in the court having authority to receive it, though the name of the court be not stated; if an indictment, that it was found by a grand jury of the county in which the court was held, or, an information, that it was returned and presented to the court by the county attorney of the county in which the court was held. . . . ''

The superior court has original jurisdiction of violations of section 1689, *supra.* It was therefore necessary that the case be prosecuted by information or indictment. Clearly the complaint on which the defendant was convicted is not an indictment, for it was not found by a grand jury and it is equally clear that it is not an information, for nowhere can it be understood therefrom that it was returned and presented by the county attorney of Maricopa county.

For the foregoing reasons, we are compelled to hold that the defendant was not legally convicted of any public offense, and the judgment of the superior court of Maricopa county must therefore be reversed and the case remanded with instructions to dismiss the proceedings.

McALISTER and ROSS, JJ., concur.