## No. 14,875.

### WILSON ET AL. v. SMITH ET AL.
(130 P. [2d] 1053)

Decided October 19, 1942.    Rehearing denied November 9, 1942.

Mr. W. D. McCLAIN, Mr. EDWIN A. WILLIAMS, for plaintiff in error Wilson.

Mr. W. A. ALEXANDER, Mr. DONALD B. ROBERTSON, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE parties appear here in the same relative positions as in the trial court and will be designated as there or by name.

The controversy hinges upon the construction of section 366, chapter 97, '35 C.S.A., which, in so far as here pertinent, provides: "If any employee entitled to compensation under this article be injured * * * by the negligence or wrong of another not in the same employ, such injured employee, * * * shall before filing any claim under this article, elect in writing whether to take compensation under this article or to pursue his remedy against such other. Such elections shall be evidenced in such manner as the commission may by rule or regula-

tion prescribe. If such injured employee, * * * elect to take compensation under this article, the awarding of compensation shall operate as and be an assignment of the cause of action against such other to the industrial commission of Colorado if compensation be payable from the state compensation insurance fund, and otherwise to the person, association, corporation or insurance carrier liable for the payment of such compensation; however, said insurance carrier shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable under this article to the injured employee, but to that extent said carrier shall be subrogated to the rights of the injured employee against said third party causing the injury; if the injured employee elects to proceed against such other, the * * * insurance carrier * * * shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided by this article in such case. Such a cause of action assigned to the commission may be prosecuted or compromised by it. * * * ."

Plaintiff Wilson, a Denver police officer, while acting in the scope and course of his employment, sustained serious injuries as the result of a collision between a police ambulance, in which he was riding, and a street car of defendant tramway corporation operated by defendant Smith. About a month after the accident, Wilson elected in writing to claim the benefits of the Workmen's Compensation Act, following which the Industrial Commission awarded compensation to him from the State Compensation Insurance Fund in the sum of $3,764.75, payable in due course. Subsequent to this award, and payment of a portion thereof, Wilson and the Industrial Commission, joining as plaintiffs, instituted the action—the judgment in which is the subject of this review—to recover damages from defendants in the sum of $28,000 for the injuries allegedly suffered by Wilson in the above mentioned collision which it was

said was occasioned by the negligence of defendants. It is further alleged that by virtue of Wilson's election, and the award of compensation to him, the Industrial Commission was subrogated to his rights against defendants to the extent of the award, under the provisions of section 366, supra, in pursuance of which the commission joined with Wilson in the prosecution of the action.

The tenth defense of the joint answer of defendants sets forth that Wilson's election and acceptance of compensation amounted, by operation of the above statute, to a complete assignment to the commission of his cause of action for defendants' alleged tort, and they contend Wilson was and is debarred from participating in either the prosecution or recovery in the instant negligence action. To this defense plaintiffs interposed a general demurrer which was by the court overruled, and upon their election to stand upon the demurrer, judgment of dismissal was duly entered as to plaintiff Wilson, who alone prosecutes this proceeding in error to review such adjudication.

At the time of its presentation to the district court the precise question herein involved had never been directly passed upon by us; however, subsequent to the rendition of the judgment herein, our decision in *Riss & Co. v. Anderson,* 108 Colo. 78, 114 P. (2d) 278, was announced. In a great measure the contention of defendants has been resolved adversely to them by that authority. Concerning the purpose and effect of section 366, supra, we stated in the Riss case, page 83: "The statute itself contemplates that if the employee shall elect to sue a third party he may then recover from the compensation insurance carrier only the deficiency between the judgment thus procured and the amount of compensation benefits to which he is entitled; and that if *after* an award of compensation the insurance carrier shall, as a statutory assignee of the claim, sue and recover more than the award of compensation, the excess

shall belong to the injured employee. It is apparent that the statute relied upon is not designed to relieve a third party from the consequence of injuries to another negligently inflicted, but merely affords a means of adjusting rights as between the injured employee and his employer, who also may be burdened as a consequence of the negligence of another which he could not foresee or prevent. * * * The purpose of the statute is merely to prescribe how a fund resulting from the payment of damages by one who negligently causes them shall be divided between the one who is the primary victim of the negligence and his employer, who may, because of the employer-employee relationship become a secondary victim of the same negligence." This pronouncement not only dispenses with the necessity of considering decisions on this subject from other jurisdictions arising under dissimilar statutes, but also establishes in the instant case, that in the event of a recovery from defendants for the wrong alleged, the commission first is entitled to receive from the sum awarded the amount of compensation for which the state fund is liable under the act, the balance, if any, to go to Wilson.

The only question remaining is whether in these circumstances Wilson properly might be joined as a coplaintiff with the commission in the negligence action under consideration. Notwithstanding that in the Riss case the action was prosecuted by the injured workman alone, this precise question here presented was not raised therein. In third-party situations like the one at bar, where an employee has elected to take compensation and the same is awarded, section 366 expressly provides that any cause of action against the alleged third party tort feasor "may be prosecuted" by the commission. It follows from necessary implication that such an action may be maintained by the commission in its own name without joining the injured employee as a party. On the other hand, the injured employee under the construction of the statute announced in the

Riss case, still retains an interest in any amount recovered to the extent of any excess over the amount necessary to reimburse the state fund. Being thus directly and beneficially concerned with the subject of the action, Wilson might be joined as a proper, although not a necessary, party plaintiff by virtue of section 10 of the Code (Code section 10, chapter 1, vol. 1, '35 C.S.A.), which provides: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this act." No provision of the Code contains any exception applicable herein.

The trial court erred in overruling the demurrer in question. The judgment is reversed and the cause remanded with the direction that such demurrer be sustained and for further proceedings not inconsistent herewith.

MR. JUSTICE HILLIARD not participating.