[Civil No. 4598.   Filed May 1, 1944.]

[148 Pac. (2d) 590.]

HARRY O. GASKIN and WILLIAM P. BRADLEY, Doing Business as MERCHANTS' POLICE PATROL, Appellants, v. W. R. WAYLAND, JOSEPH P. CONDREY and I. A. McCABE, as Members of and Constituting the ARIZONA UNEMPLOYMENT COMPENSATION COMMISSION, Appellees.

Mr. George D. Locke, for Appellants.

Mr. Arthur M. Davis, for Appellees.

DE CONCINI, Superior Judge.—From a judgment in favor of the Commission, the defendants Gaskin and Bradley appeal.

This case was submitted to the lower court on an agreed statement of facts. Briefly, they are as follows:

The appellants here, defendants below, were in the business of policing certain merchants' property in Phoenix, Arizona. A contract of hire was entered into between appellants and the City of Phoenix and another contract between appellants and their patrolmen.

The plaintiffs, the appellees here, brought suit for taxes accrued on the salaries, wages or payments that were paid to the appellants' patrolmen under Chapter 56, Art. 10, of Arizona Code Annotated 1939.

With the adoption of the Employment Security Act of 1941, this provision was transferred from Sec. 56-1019, Arizona Code Annotated 1939, to Sec. 56-1002 and the language changed by the addition of the phrases hereinafter underlined so that such provision now reads as follows:

Section 56-1002 (i) (5) "Services performed by an individual for wages or *under any contract of hire*

shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commission that:

"(A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of *hire and* in fact; and

"(B) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; *and*

"(C) Such individual is customarliy engaged in an independently established trade, occupation, profession, or business *of the same nature as that involved in the contract of service."*

From the agreed statement of facts we quote:

"That the defendants have not issued written rules and regulations governing the conduct of their patrolmen, but such patrolmen are bound and governed by the Manual of Rules and Regulations of the Police Department of the City of Phoenix, and such oral instructions as may be given them by the Chief of Police of said city or by defendants."

The pertinent portions of the contracts referred to in the agreed statement of facts are as follows:

In the contract between the City of Phoenix and the appellants herein, Exhibit "A," the parties agreed for a certain consideration to be paid to them and a certain additional consideration to be paid to them for their patrolmen, to police certain districts. The relevant part of the contract Exhibit "B," between the appellants herein and their employees, the patrolmen, is as follows:

Paragraph 3. "It is further mutually agreed between said co-partnership and said patrolman, that during the life of this contract, all of the patrolman's activities in patroling said assigned district shall be

subject to the supervision of said co-partnership. . . . ''

In paragraph 5, the patrolman requests the co-partnership to insure him with the Arizona Industrial Commission and the said co-partnership grants the request and agrees to so insure him. It is significant to note that under the Arizona Industrial Commission Law only employers can procure that type of insurance and protection for its employees.

Paragraph 6. ''Nothing herein contained shall be construed to create the relationship of employer and employee between the co-partnership and said patrolman. Within the territory above described, said patrolman shall be free to exercise his own judgment as to the manner in which he shall patrol his district, subject only to the rules and regulations of said co-partnership, the ordinance of said city, and the laws of the State of Arizona.''

It is this paragraph that the appellants rely so strongly upon to maintain the position that they are not employers. In paragraph 5, the appellants agreed to treat their patrolmen as employees, as far as the Industrial Commission is concerned, and under paragraph 6, they specifically set out that the relationship of employer and employee shall not exist between the parties.

The parties hereto agree that the only question to be determined is:

Does the relationship of employer and employee, as such terms are defined in the Unemployment Compensation Act of Arizona, Chap. 56, Art. 10, Arizona Code Annotated 1939, as amended, exist between the defendants and their patrolmen?

In *Sisk* v. *Arizona Ice & Cold Storage Co.*, 60 Ariz. 496, 141 Pac. (2d) 395, 397, this court decided that the mere fact that there was a contract of employment between the employer and employee would

not exempt them from the operation of the statute, unless the alleged employer could show to the satisfaction of the Commission that he met the requirements of the above quoted statute.

This he did not do in either that case nor in this case.

We adopted in that case the following:

"An examination of the pertinent definitions in the Unemployment Compensation Act make it readily apparent that such words as 'employment', 'employer', 'employing unit', 'wages', and 'remuneration', when used in the Act, are not used as words of art having rigid, precise and restricted meanings, but rather, as defined by the Act itself, are used as broad terms of description, evidencing a legislative intent to give to the Act a broad and liberal coverage to the end that the far-reaching effects of unemployment may be alleviated." *Unemployment Compensation Commission* v. *Jefferson Standard Life Ins. Co.*, 215 N. C. 479, 2 S. E. (2d) 584, 587.

Appellant urges *Southwestern Lumber Co.* v. *Industrial Commission*, 134 P. 2d 162, decided by this court February 1943, to sustain their contention as to the meaning of the words "independent contractor." That case can easily be distinguished from, and reconciled with, the case at bar on three grounds: (1) An entirely different statute was involved. (2) An entirely different contract between the parties was to be construed. (3) In the former case the Lumber Company hired Gibson as an independent contractor to perform certain work. Gibson hired Evans as one of his employees to do part of the work for wages. We held that Evans was an employee of Gibson and not of the Southwestern Lumber Company.

In this case the merchants desiring property protection *hired appellants* as an independent contractor. Appellants hired their patrolmen for wages, ergo; the

patrolmen are the employees of the appellants and not the merchants.

Therefore it is the opinion of this court that the appellants stand in the relationship as employers with their patrolmen under the statute involved.

The judgment of the lower court is affirmed.

ROSS and STANFORD, JJ., concur.

EVO DE CONCINI, Judge of the Superior Court of Pima County, sitting in the place and stead of Chief Justice A. G. McALISTER.