250 P.2d 992

## STATE ex rel. INDUSTRIAL COMMISSION v. PRESSLEY et al.

### No. 5634.

Supreme Court of Arizona.
Nov. 24, 1952.

414

H. S. McCluskey, of Phoenix, for petitioner; Robert E. Yount and Robert W. Pickrell, Phoenix, of counsel.

Hall, Catlin & Molloy, of Tucson, for respondent Frank E. Pressley.

DE CONCINI, Justice.

The parties were originally here on an appeal by certiorari from the Industrial Commission, 72 Ariz. 299, 233 P.2d 1082, hereinafter referred to as the first Pressley case. A rehearing was granted, 73 Ariz. 22, 236 P.2d 1011, hereinafter called the second Pressley case.

Pressley, while in the employ of Pioneer Constructors, was injured by a gas explosion in a manhole where he was working. He accepted accident benefits from the Commission but returned its check for compensation. For full details of what occurred see the second Pressley case.

After the decision on rehearing in the Pressley case, Pressley brought suit in the Superior Court of Pima County against the Tucson Gas and Light Co., defendant, as the third party tort-feasor whom he alleged was responsible for his injuries. The defendant answered, denying liability. The Industrial Commission filed a complaint in intervention on the ground that Pressley had no right to sue a third party, (1) because he had made an election to take com-

pensation, and (2) that it was therefore subrogated to Pressley's right against the third party defendant. The trial court denied the commission's motion to intervene.

The commission then filed a petition for a writ of certiorari, or in the alternative a writ of prohibition, and then amended it to read "for a writ of mandamus". This court, under the authority of Brown v. De Concini, J., 60 Ariz. 476, 140 P.2d 224, granted the alternative writ.

The commission's petition seeks to relitigate the issues in the second Pressley case and in addition claims: (1) that Pressley should have sought review by the superior court of the commission's order that Pressley had made an election, and (2) that it was entitled to intervene and be subrogated to all of Pressley's rights against the defendant third party as set out in its complaint in intervention.

Respondent Pressley denies the commission has the right to intervene on the grounds, (1) its complaint fails to state a cause of action; (2) the commission is neither a proper or necessary party and its presence would be detrimental to Pressley because it would introduce compensation insurance into the case.

The matter was fully briefed on all issues in the second Pressley case and is now ready for determination.

Before treating the new matters raised in this action we deem it advisable to first mention that we affirm our decision in the second Pressley case in all respects. To reiterate in part:

1. An injured employee is entitled to accident benefits even though he elect to sue a third party.

2. That an injured employee is entitled to only one recovery for each of accident benefits and compensation; either from the commission or the third party defendant but he must give a reasonable election of the different remedies provided by the constitution and the statutes.

3. Sections 56–949 and 56–950, A.C.A.1939, are constitutional.

4. The commission has no power to decide whether an injured employee has made an election to take compensation but that it is a question to be litigated by the interested parties in the superior court.

The questions to be decided in this case are those of Election, Subrogation, and Intervention. We will treat them in that order.

### Election

Is the trial court the proper tribunal to determine whether Pressley has made an election? The answer is Yes. Next, is it the duty of the trial judge or the jury to decide that question? The answer: the trial judge should decide that question as a matter of law.

416

Section 56–950, supra, provides as follows:

"*Election of remedy—Waiver.*—Every employee, or his legal representative in case death results, who makes application for an award, or with the consent of the commission accepts compensation from an employer, waives any right to exercise any option to institute proceedings in any court. Every employee or his legal representative in case death results, who exercises any option to institute proceedings in court waives any right to any award or direct payment of compensation from his employer."

■ The question then arises whether section 56–950, supra, affords the employee the "reasonable election" of remedies required by our holdings in Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658, and Moseley v. Lily Ice Cream Co., 38 Ariz. 417, 300 P. 958; for unless it does, the section is clearly unconstitutional. In cases like this an election is a waiver of one right and the acceptance of another in lieu thereof, and we hold that to be binding the election must be with knowledge (1) of the alternative remedies, and (2) that the acceptance of one waives the right to the other. See Graybill v. Corlett, 60 Colo. 551, 154 P. 730; Craig v. Meriwether, 84 Ark. 298, 105 S.W. 585; 28 C.J.S., Election of Remedies, § 24. With this construction, section 56–950, supra, is constitutional. If the applicant does not have this knowledge, whether his ignorance be one of law or fact, he has in fact made no binding election. Gardner v. Gauthier, 101 Vt. 147, 141 A. 682. The question of an election must of course be raised by the pleadings as stated in Moseley v. Lily Ice Cream Co., supra, and the petitioner must sustain his claim of lack of knowledge by reasonable evidence. See Taylor v. Hubbell, 9 Cir., 188 F.2d 106, which construed Article 18, section 6 of the Arizona Constitution to give an injured employee the right to sue a third party. We consider such employee to have that right by virtue of sections 56–949 and 56–950, supra, under Article 18, section 8; however, Taylor v. Hubbell, supra, is authority for what constitutes a binding and valid election. Subrogation, under Workmen's Compensation Acts, 1948, by William B. Wright, also defines what constitutes an election (page 27):

"It has been held that the right of election insured to an injured employee who may have a cause of action in tort against a third person, contemplates the opportunity for deliberation followed by some affirmative act on his part before he can be said to have elected to take compensation. (citing cases). The intention of the employee, as shown by the evidence, has a bearing on the question of his election and any decisive act on his part, with knowledge of his rights

and of the facts, indicating an intention to pursue one remedy rather than the other determines the election. Filing a claim for compensation or even the mere acceptance of medical, surgical, or hospital aid by the injured employee, or wages during disability, is not always held to be an election to take under the act, * * *." King v. O. P. Baur Confectionery Co., 100 Colo. 528, 68 P.2d 909; Arkansas Valley Ry. Light & Power Co. v. Ballinger, 65 Colo. 548, 178 P. 566; Barton v. Oklahoma, K. & M. Ry. Co., 96 Okl. 119, 220 P. 929.

In reporting the two former Pressley cases the NACCA Law Journal, Vol. 8, page 101, made the following comment:

"The court considered but refused to accept the argument of amicus curiae that an injured employee retains his right both to full recovery under the act and to the common law action for negligence against the third party; and that the sections of the Arizona Act dealing with third party suits are unconstitutional. The court referred to its earlier cases validating the constitutionality of the sections, but stressed 'that the injured party must be given a reasonable election of the different remedies provided by the constitution and the statutes'; and that the commission must continue to provide medical treatment (accident benefits) while the third party suit is pending; and that under the Arizona statute, if the employee gets less from the third party than he would have received under the compensation act, the commission must award him the difference.

"We applaud this excellent third party statute and recommend that our members file similar bills in their own jurisdictions. See Horovitz on Workmen's Compensation, 341 n. 60."

In Taylor v. Hubbell, supra [188 F.2d at page 109], the court held that the question of election was one of law for the trial judge to decide, and said this:

"It is axiomatic that 'Every court of general jurisdiction has power to determine whether the conditions essential to its exercise exist.' Texas & Pacific Ry. Co. v. Gulf C. & S. F. R. Co., 1926, 270 U.S. 266, 274, 46 S. Ct. 263, 265, 70 L.Ed. 578; see State of Rhode Island v. Com. of Massachusetts, 1838, 12 Pet. 657, 37 U.S. 657, 718–720, 9 L.Ed. 1233. Here the district court had jurisdiction of the subject matter only if plaintiff and Sanderson & Porter were 'not in the same employ' and if plaintiff had not made an election under the statute to take compensation. S. H. Kress & Co. v. Superior Court, supra, 66 Ariz. 67, 182 P.2d 931. Being jurisdictional, these issues were triable to the court, not the jury. And the district court

properly withheld them from consideration by the jury. See Weaver v. Martori, 1949, 69 Ariz. 45, 208 P.2d 652; State v. Phelps, 1948, 67 Ariz. 215, 193 P.2d 921, 924; Dolese Bros. v. Tollett, 1933, 162 Okl. 158, 19 P. 2d 570."

Wright on Subrogation, supra, page 79, section 36, says:

"The authority of the employer, insurer or assignee to prosecute a cause of action under the subrogation statute has been held to be a preliminary question of law to be heard and determined by the trial judge and not an essential part of the plaintiff's cause triable by the jury." Lebak v. Nelson, 62 Idaho 96, 107 P.2d 1054; Becker v. Eastern Massachusetts St. Ry. Co., 279 Mass. 435, 181 N.E. 757; Murray v. Rossmeisl, 284 Mass. 263, 187 N.E. 622."

### Subrogation

In the event the trial judge decides that Pressley has elected to take compensation does the commission have the right of subrogation of Pressley's right against the third party tort-feasor? Yes. Does it include the right of subrogation for accident benefits regardless of an election? Yes.

Section 56–949, A.C.A. 1939, refers to the commission's right to sue a third party as "assigned to the state" rather than subrogation. There appears to be three ti-tles: "Statutory assignments", "Legislative grants", and "Subrogation". We will use the latter because most courts and writers use that term. See Wright's work on Subrogation, supra, and also Horovitz on Workmen's Compensation.

Before determining what rights the commission has to Pressley's claim against the third party defendant it would be well to make some general observations as to the nature of the Workmen's Compensation Act, A.C.A. 1939, § 56–901 et seq.; the public policy of the state and the manner in which the Act should be construed.

The Act was enacted primarily for the benefit of the injured employee and his dependents, Red Rover Copper Co. v. Industrial Commission, 58 Ariz. 203, 118 P.2d 1102, 137 A.L.R. 740, and secondarily for the benefit of the employer. The Act deals solely with the employer-employee relationship. No mention is made of third party tort-feasors, except in sections 56–949 (hereinafter set out) and 56–950, supra, which provide the employee's right to sue a third party but confers no rights on such third parties. The public policy has been, first, to protect the employee whose injury arose in and out of the course of his employment; and second, to protect the Compensation fund administered by the commission, which indirectly benefits the employer. Goodyear Aircraft Corp. v. Industrial Comm., 62 Ariz. 398, 158 P.2d 511.

Pressley claims that the commission has no right of subrogation of his rights because there is no statutory provision granting it and in support thereof cites, Crab Orchard Improvement Co. v. Chesapeake & Ohio R. R. Co., 4 Cir., 115 F.2d 277; McCullough v. John B. Varick Co., 90 N. H. 409, 10 A.2d 245. Wright on Subrogation says, "Of the Workmen's Compensation Acts now on the statute books, only those of New Hampshire, Ohio, and West Virginia contain no provision for relieving the employer of his compensation obligation where the injury is due to the fault of the third person". We agree with the Pressley contention, supra: in absence of legislation there can be no subrogation of the employee's rights against a third party. Section 56–949, supra, however provides:

*"Liability of third person to injured employee.*—If an employee entitled to compensation hereunder is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, shall elect whether to take compensation under this title or to pursue his remedy against such other. If he elect to take compensation, the cause of action against such other shall be assigned to the state for the benefit of the compensation fund, or to the person liable for the payment thereof, and if he elect to proceed against such other, the compensation fund or person, shall contribute only the deficiency between the amount actually collected and the compensation provided or estimated herein for such case. Compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for herein shall be made only with the written approval of the commission, or of the person liable to pay the same."

In analyzing the above section we find it is divisible in three parts. The first sentence provides that the employee shall elect either to take compensation under the Act or sue a third party under section 56–950, supra. Thus, section 56–950 protects an employee's constitutional rights as heretofore set out under "Election" in this opinion.

In construing the first sentence of 56–949 in the second Pressley case, we held that an injured employee was entitled to "accident benefits" without having made an election to take compensation.

The second sentence of 56–949, supra, deals with the assignment of the employee's rights against the third party or "subrogation" as we are pleased to term it. It is this portion of the statute with which we are concerned. The third sentence provides for approval of settlement and compromise of claim against the third party.

Pressley contends that there is no subrogation of "accident benefits" because

they are not specifically mentioned. If such a contention is correct then the employee would have a double recovery—one from the commission and another from the third party tort-feasor. Furthermore if such a condition prevails, then where an injured employee elected to take compensation the commission's right of recovery against the third party would be limited to the amount it paid for compensation, and the third party would go free as far as "Cost of Accident Benefits" were concerned.

There are several principles underlying the Workmen's Compensation Acts that negative Pressley's contention. First, there shall be no double recovery, one by way of compensation and one by way of damages. Aetna Life Ins. Co. v. Moses, 287 U.S. 530, 53 S.Ct. 231, 77 L.Ed. 477; Smith v. Southern Ry. Co., 237 Ala. 372, 187 So. 195; Jacobsen v. State Industrial Accident Comm., 212 Cal. 440, 299 P. 66. Second, the subrogation provisions of Workmen's Compensation Acts should be liberally construed to make them effective. Standard Accident Insurance Co. v. Pennsylvania Car Co., 5 Cir., 49 F.2d 73; Johnson v. Turner, 319 Ill. App. 265, 49 N.E.2d 297; Henry Steers, Inc., v. Turner Const. Co., 104 N.J.L. 189, 139 A. 42. Thirdly, liability of third party tort-feasors is not intended to be disturbed by the Act. Riss & Co. v. Anderson, 108 Colo. 78, 114 P.2d 278; Wilson v. Smith, 110 Colo. 68, 130 P.2d

1053; Hartquist v. Tamiami Trails Tours, 139 Fla. 328, 190 So. 533; Pittsburgh, etc., Ry. Co. v. Keith, 89 Ind.App. 233, 146 N. E. 872.

We hold that the commission does have the right of subrogation against the third party as held in Moseley v. Lily Ice Cream Co., supra [38 Ariz. 417, 300 P. 960].

"* * * when payment under the Compensation Act is chosen by the injured employee, *his rights of every nature* against the third person pass as a matter of law to the state or other insurer, and no right of action, either direct or indirect, remains in him as against such third person." (Emphasis ours.)

We realize, by affirming the second Pressley case, we have held that the word "compensation" in the first sentence of 56–949 did not include "accident benefits", thereby giving the statute a liberal construction in favor of the injured employee; and now in this case we hold that the word "compensation" in the second sentence does include "accident benefits", thereby giving it a liberal construction in favor of the commission as against the third party in order to effectuate the subrogation provision. We believe such a construction is entirely in harmony with the letter and spirit of the Act and will promote justice between all parties. We have held innumerable times that the pro-

visions of the Act should be liberally construed to carry out its purpose and intent. See Arizona Digest, Workmen's Compensation, ☜51.

In the case of Atlantic Cleaners & Dyers v. United States, 286 U.S. 427, 52 S.Ct. 607, 608, 76 L.Ed. 1204, the Supreme Court said:

" * * * Most words have different shades of meaning, and consequently may be variously construed, not only when they occur in different statutes, but when used more than once in the same statute or even in the same section. Undoubtedly, there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning. Courtauld v. Legh, L. R., 4 Exch. 126, 130. But the presumption is not rigid and readily yields whenever there is such variation in the connection in which the words are used as reasonably to warrant the conclusion that they were employed in different parts of the act with different intent. Where the subject-matter to which the words refer is not the same in the several places where they are used, or the conditions are different, or the scope of the legislative power exercised in one case is broader than that exercised in another, the meaning well may vary to meet the purposes of the law, to be arrived at by a consideration of the language in which those purposes are expressed, and of the circumstances under which the language was employed. (Citing cases.)

"It is not unusual for the same word to be used with different meanings in the same act, and there is no rule of statutory construction which precludes the courts from giving to the word the meaning which the Legislature intended it should have in each instance."

In United States v. Hartwell, 6 Wall. 385, 18 L.Ed. 830, in construing a criminal statute, it was said:

"We are not unmindful that penal laws are to be construed strictly. It is said that this rule is almost as old as construction itself. But whenever invoked it comes attended with qualifications and other rules no less important.

* * * * * *

" * * * The rule of strict construction is not violated by permitting the words of the statute to have their full meaning, or the more extended of two meanings, as the wider popular instead of the more narrow technical one; but the words should be taken in such a sense, bent neither one way nor the other, as will best manifest the legislative intent. (Citing cases.)"

In Keller v. State, 46 Ariz. 106, 47 P.2d 442, 447, this court said:

"It is also almost universally held that when the literal language of a statute will result in an absurdity, an impossibility, or a meaning which, from the general context of the statute, is clearly at variance with the legislative intent, courts may and will alter, modify, or supply words to the statute in order to give effect to the manifest intention of the Legislature. (Citing cases.)" See, also, Arizona Digest, Statutes, ⟨key⟩181, for other Arizona cases.

### Intervention

Section 21–527, A.C.A. 1939, as amended, Rule 24(a), as amended, provides for intervention under subsection (3). Even before the advent of this rule of court we held, in United States Fidelity & Guaranty Co. v. Alfalfa Seed & Lumber Co., 38 Ariz. 70, 297 P. 868, 870:

" * * * If a person seeking to intervene exhibits a statutory interest as we have defined it, as we conceive it, his right is absolute. * * *"

In view of our construction of 56–949, supra, the commission has the right to intervene. See also Wright's Subrogation, Section 33, p. 72:

"When an employee may institute suit in his own name against the third party, the employer or his insurance carrier are usually permitted to intervene where the right of the person paying the compensation would be affected by the judgment in the name of the employee." Citing cases.)

To recapitulate, we affirm the second Pressley case in all respects. We further order, the alternative writ of mandamus heretofore issued be made peremptory and the commission be allowed to intervene; that the commission be allowed subrogation to any and all of Pressley's rights against the third party for payments made for "accident benefits" received by Pressley; and that the trial judge hear and decide the question of election as a matter of law before proceeding with the trial of the case on its merits.

Each party to pay his own costs.

STANFORD, PHELPS and LA PRADE, JJ., concur.

UDALL, Chief Justice (dissenting in part).

While I concurred in the decision rendered in the second Pressley case and find myself in accord with many of the holdings in the instant case, particularly as to the matters covered under "Election", yet, I am impelled to dissent to the majority holding that the statutorily defined word "compensation", when separately used in Section 56–949, supra, has two diametrically opposed meanings.

In determining the legislative intent regarding third party suits brought under Section 56–949, supra, I think the court is

doing more than merely filling in the interstices of the law, which is always permissible in construing statutes. It would seem that the inherent weakness in the majority opinion is that the court has failed to consistently follow the legislative definition of the word "compensation", which definition includes both compensation as such and accident benefits. See Section 56–930. Within one section, 56–949, the court now holds the word "compensation" to have two different meanings, i. e., in the first sentence it *does not include* "accident benefits" and in the second sentence it *does include them*. This destroys the legislative definition and in my opinion such inconsistent interpretations cannot be justified by invoking the rule of liberal construction. Nor do I find the authorities relied upon pertinent for the reason that in none of them is there a controlling statutory definition of the term or word in question.

In the case of Sakrison v. Pierce, 66 Ariz. 162, 185 P.2d 528, 534, 173 A.L.R. 480, we stated:

"And it is a firmly established rule that definitions of terms given within the framework of a statute itself control and dictate the meaning of those terms as used in the statute. Sisk v. Arizona Ice & Cold Storage Co., 60 Ariz. 496, 141 P.2d 395; Creameries of America v. Industrial Comm., 98 Utah 571, 102 P.2d 300; Gaskin v. Wayland, 61 Ariz. 291, 148 P.2d 590."

In the most recent revision of Sutherland's work on statutory construction, the following rule is stated:

"It is a proper exercise of the legislative function to define words contained in the statute and to prescribe rules for their interpretation. When a legislature defines the language it uses, its definition is binding upon the court and this is so even though the definition does not coincide with the ordinary meaning of the words used. * *" Sutherland Statutory Construction, 3rd Ed., Vol. 2, Sec. 4814.

Irrespective of the right of the Commission to recover the accident benefits theretofore paid by it to Pressley, it would, in my opinion, still have the right to intervene in the present suit pending in the Pima County Superior Court to protect its rights in this third party suit; first, on the question as to whether Pressley had made an election; and second, if so, to be in a position as assignee to take over the law suit and prosecute it to conclusion. I therefore agree that the alternative writ of mandamus should be made peremptory.

My primary purpose in writing this partial dissent is to highlight the deficiencies in the workmen's compensation Act as regards the liability of third persons to injured employees, Section 56–949, in the hope that the legislature may "spell out" with more particularity the substantive rights of all parties, this being a legislative rather than a judicial function.