Strafford, }
May 7, 1929. }

GEORGE ELEFTHERION *v*. GREAT FALLS MANUFACTURING COMPANY.

*Mathews & Varney (Mr. Varney orally)*, for the plaintiff.

*Hughes & Burns (Mr. Burns orally)*, for the defendant.

ALLEN, J. The material facts found were these. The plaintiff signed an agreement to accept compensation for his injury and later receipted for two payments of compensation. When he signed the agreement, he thought it was a notice to the defendant of the accident. When the payments were made, he did not understand they were on account of compensation. Not until a later time did he have any knowledge of his remedial rights. He did not understand our language, and the negotiations for the agreement were conducted through an interpreter furnished by the defendant. The interpreter was incompetent, did not know the plaintiff's language well enough to explain to him what his rights were, and they generally misunderstood each other in what was said between them. The plaintiff was not, while the defendant was, negligent in the use of the interpreter.

The record discloses evidence sufficient to sustain these findings, and exception on the ground that the evidence failed or was conclusive to the contrary in respect to any of them must be overruled.

It is provided by P. L., c. 178, s. 11, that an injured workman's right to any remedy other than compensation is barred either by accepting any compensation, by giving notice to the employer of election to take compensation, or by bringing proceedings for compensation. The defendant's claim is that compensation was accepted

and that the agreement was notice of an election to take it. The further claim is made that the agreement was a contract in effect releasing the defendant from liability except for compensation.

Respecting this latter claim, the plaintiff signed an agreement with a company carrying the defendant's liability insurance to accept compensation. It set forth that the parties had "reached an agreement in regard to compensation for the injury," the terms of which were that compensation should begin on the date of the injury and continue during total disability according to the statute. Conceding that the defendant is entitled to have it treated for its benefit so far as it has legal force, it is not perceived how it amounts to a contract.

The agreement as a contract was valid if there was consideration moving from both parties. By it the plaintiff made election for compensation, but he was not contractually held to the election unless the agreement imposed some obligation on the insurer as the consideration for the election. As to this, the insurer incurred no liability by the agreement which the law did not already impose on it. It agreed to pay no more than the law required as compensation, and its agreement to assume the defendant's liability was already an imposed duty by virtue of the policy it had issued. *Sanders* v. *Insurance Co.*, 72 N. H. 485. Under the definition of consideration as "a detriment incurred by the promisee or a benefit received by the promisor in exchange for the promise" (*Frye* v. *Hubbell*, 74 N. H. 358, 373), the failure of the agreement as a legal contract is manifest. The plaintiff received no consideration for his agreement to accept compensation in substitution for other remedies because acceptance entitled him to all that was promised regardless of the promise. All the insurer did was to promise performance of duty. The plaintiff gained and the insurer lost nothing by its promise, and neither benefit to him nor detriment to it was given or incurred. The agreement served as evidence tending to show an election to take compensation and thus to show the plaintiff's status, but the insurer's promise to recognize the status did not make it a contract since it was under the duty aside from the agreement to give such recognition.

On the ground that the agreement was not in fact a concurrence or meeting of minds of the parties the invalidity of the agreement as a contract is further shown. In the law of contracts the issue of concurrence is tested by what the parties give each other to understand rather than by their actual understanding (*McConnell* v. *Lamontagne*, 82 N. H. 423, 425), and it is true generally speaking that one's mental state is to be judged by what he says and does. Expression of thought,

and not thought itself, is determinative. For one to be chargeable, however, the construction placed on his words and conduct by the other party must be reasonable as well as honestly founded. While here the defendant honestly believed the plaintiff understood the agreement, it might be found the belief was not a reasonable one. And the dismissal of the bill is assumed to be based on such a finding, under the rule that a general finding includes all special facts necessary to sustain it unless the special findings show otherwise. *Spaulding* v. *Mayo*, 81 N. H. 85, 86.

From his own standpoint the plaintiff acted not only in ignorance of his rights but without knowing what he was apparently doing. Signing one's name to a writing may be presumptively, but it is not necessarily, entering into the agreement which the writing sets forth. What was intended as an agreement for compensation he thought was but a notice of the accident, and it cannot be said that he meant to enter into any contractual relation.

In determining whether the defendant was entitled to hold the plaintiff to the appearances of the situation, its own standpoint is to be considered. The plaintiff's words required translation through an interpreter, and the defendant was, while the plaintiff was not, negligent in the use of an incompetent interpreter whom it furnished and who did not know the plaintiff's language well enough to explain to him what the transaction was about. Since the defendant did not do what reasonable care required to see that the plaintiff was informed about and understood the nature of the transaction, it could be found to have had no reasonable belief that he had such information and understanding. It was fairly to be inferred that while the defendant owed no duty to inform and instruct the plaintiff about his rights and the meaning of the agreement, it might not do so in a careless way and then reasonably rely on the plaintiff's signature as showing an understanding and knowledge of what he was doing that was at best clearly doubtful. Reasonable reliance on the signature as indicating that the plaintiff intended to enter into the agreement was properly found to be lacking.

Going further, it may be said that the defendant more misled, than was misled by, the plaintiff. The plaintiff and the interpreter misunderstood each other. He was not negligent in relying on her. What she understood and reported him as saying was not what he in fact said, and his signature to the agreement was given because of the misunderstanding between them. The misunderstanding was due to the interpreter's incompetence and the defendant's employ-

ment of an unfit interpreter not only relieved the plaintiff from responsibility for her translation, if in the ordinary case the interpreter is to be regarded as the agent of both parties in carrying on a conversation (*Commonwealth* v. *Vose*, 157 Mass. 393), but also entitled him to relief from what he did contrary to his understanding and purpose. The defendant, furnishing an interpreter, was required to use due care in so doing (*Tullgren* v. *Company*, 82 N. H. 268), and in its failure of care the plaintiff may say that what he actually said was as much his language in expression of his understanding and purpose as the interpreter's understanding and translation of it. In other words, the interpreter's incorrect translation was chargeable to the defendant and not to the plaintiff, whereas he was entitled to rely on his understanding of what she undertook to tell him. In a mental way the defendant, not purposely but negligently, set a trap with the result that the plaintiff acted with consequences unintended by him. The law does not permit the defendant to take advantage of them.

The payments later made the plaintiff were due if he accepted compensation, and the agreement gave him no new or additional rights to them. The receipts for them, on forms furnished by the insurer, stated that he was entitled to the payments under the compensation act, and they contained no reference to the agreement. The reasonable construction is that the payments were made because of the plaintiff's election to accept compensation. But if it were assumed they were made in pursuance of the agreement, the case is not one of rescission of a legal contract but of an agreement lacking essential elements of such a contract. And there is no estoppel against the claim of its legal ineffectiveness until the payments are returned. The insurer is entitled to their return if they were of money paid by mistake. But there is no charge of bad faith or negligence on the plaintiff's part misleading the insurer. The insurer used its own form for the agreement, as well as for the receipts, and it had as much knowledge as the plaintiff that it gave no contractual rights.

Whether the court had jurisdiction to try the issue as to the validity of the agreement, it is not necessary to determine. It had none on the defendant's bill, since the claim of a release was properly determinable in the trial of the plaintiff's action as a legal defence. But the plaintiff, instead of demurring to the bill, answered it and under a possible construction the answer set forth a claim of mistake in making the release so as to entitle the plaintiff to have it cancelled. In any event the defendant waived its rights to a jury trial of the

issue. The issue was decided in the plaintiff's favor, and he has waived any exception taken by him to the procedure adopted. *Fernald* v. *Fernald*, 80 N. H. 75. These waivers dispose of any question of the court's jurisdiction, since a waiver of the right to a jury trial in a civil cause confers jurisdiction on the court to try it as having general jurisdiction of the subject-matter. *Perkins* v. *Scott*, 57 N. H. 55, 83; *Bickford* v. *Franconia*, 73 N. H. 194, 196.

Whether a plaintiff has given notice to take, or accepted, compensation, regardless of any contract to do so, are questions properly determinable in the trial of the plaintiff's action. *Sullivan Machinery Co.* v. *Stowell*, 80 N. H. 158. While the record of the pleadings and procedure gives some doubt, it is construed as showing that these questions were principal issues in the hearing on the bill as well as collateral to the issue in regard to a contractual release. The bill contained averments of notice to accept and of acceptance of compensation, in addition to the averment of a contract of release. The answer prayed for the issue of acceptance to be tried by jury, and the context shows that by this was intended all issues the bill raised. By bringing the bill the defendant, and by acceptance of the findings and decree the plaintiff, have respectively waived any rights to question the impropriety of the procedure, and such waiver meets any attack of jurisdiction. It therefore appears that the questions of notice and acceptance of compensation are properly to be considered.

What has already been said in the contractual aspect of the agreement is largely applicable as well to these statutory issues. Notice to accept compensation implies an election between it and other remedies, and the findings that the plaintiff did not know what his rights were and did not mean to give notice for acceptance disprove any notice in fact. The defendant may not hold the plaintiff to the apparent notice for the same reasons, other than that of consideration, which bar it from reliance on the agreement as a contract. Whatever notice was given was by the agreement, and since the agreement failed to express the plaintiff's understanding and purpose, it failed as a notice as well as a contract. The plaintiff did nothing charging him with giving any notice, and the defendant was not entitled to attach any weight to the agreement as in any way affecting the plaintiff's rights.

Likewise, the payments of compensation were not accepted as such and the defendant was not entitled so to regard them. The statutory contemplation is that acceptance means more than receipt and includes understanding that the receipt is compensation. The plaintiff

had no such understanding and the defendant did not reasonably believe it.

It follows that the plaintiff did not intentionally, and hence in the statutory sense, give notice to accept, or accept compensation. The case is clearly in contrast with *Davis* v. *Company*, 82 N. H. 87, where the evidence was conclusive that the plaintiff read and understood the receipts he signed.

The defendant being negligent, the question how far equity will relieve a workman from an acceptance of compensation induced through innocent mistake not chargeable to the employer if he restores such benefits as he may have received thereunder, is not reached.

*Exceptions overruled.*

All concurred.