Hillsborough, } No. 3763.
Nov. 3, 1948. }

WALTER CARIGNAN *v.* AMOSKEAG HAMPER COMPANY.

*Philip J. Biron* and *Osgood & Osgood* (*Mr. Clinton S. Osgood* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Edward J. Reichert* (*Mr. Reichert* orally), for the defendant.

JOHNSTON, J. The plaintiff bases his claim of fraud upon the statement of the insurer in its letter of December 19, 1945 enclosing the first draft and receipt, "we are attaching our draft for compensation due you." It is argued that the assertion that the draft was due the plaintiff before he had made an election under the Act was false and intended to mislead the plaintiff into thinking that he had but the one remedy. But the statement that compensation was due was correct. "Where total or partial incapacity for work at any gainful employment for not less than one week results to the workmen from the injury, a weekly payment shall be made . . . " R. L., *c.* 216, *s.* 22. There was no obligation on the part of the employer to instruct the plaintiff that he need not accept the draft tendered and that in that event another remedy would be available. *Ahearn* v. *Company*, 89 N. H. 48, 51. In *Davis* v. *Company*, 82 N. H. 87, 90, the statement

of the insurer that it "was going to let us have some money to help out until they made further arrangements" was held not to be fraudulent and to be insufficient to set aside an acceptance of benefits under the Workmen's Compensation Act. The charge of fraud presented no question for the jury.

Concerning the issue of mental capacity the plaintiff's attorney said "We do not claim that he was *non compos* or anything like that." The issue was properly withdrawn.

It is not asserted that any undue influence was practiced upon the plaintiff, as in the case of *Webber* v. *Phipps, ante,* 1, in which a covenant not to sue was set aside. Nor could such a ground be successfully advanced on the evidence introduced.

The plaintiff does urge that he did not understand that in accepting the checks he was making a choice between remedies and that accordingly the jury's answer on this point with its answer to the other question submitted entitles him to proceed with the common law action. In the event that this is not correct, his position is that there should be a new trial and the question answered of whether he accepted the drafts and signed the receipts with understanding of what they signified.

The election provided for by the statute is a result that follows from the action of the workman. "In case the injured workman . . . shall avail himself of this chapter, either by accepting any compensation hereunder . . . he shall be barred from recovery in every action at common law or under any other statute on account of the same injury." R. L., *c.* 216, *s.* 12.

The receipts for the drafts, which receipts were signed by the plaintiff, read in part "for compensation on account of disability resulting from injury sustained by said employee on Dec. 10, 1945." The drafts stated they were for compensation and gave the "name of injured" and the "date of accident." A letter from the insurer enclosing the first draft stated "We understand that you are still unable to work because of that accident. Consequently, we are attaching our draft for compensation due you on December 17th and we also attach a receipt for you to sign and return." The plaintiff read all these papers. It must be found upon the evidence that he understood them. On his own initiative, he went, but too late, to see a lawyer concerning his rights and the effect of what he had done. He accepted compensation. *Davis* v. *Company, supra; Lauze* v. *Insurance Co.*, 74 N. H. 334, 338. The latter case is one of contract, but the legal principles on the point under consideration are the same.

However, the plaintiff claims that he did not understand the effect of what he did because of his ignorance of the provisions of the workmen's compensation statute and that he should have equitable relief from the consequences of his actions. The statute itself provides no relief for accepting compensation because of mistake. There is nothing similar to the statutory provision for a new trial because of accident, mistake or misfortune or that extending the time for prosecuting claims against the estate of a deceased person in the absence of culpable neglect. There is no relief for the plaintiff unless it be in equity. It may be assumed that any lack of knowledge on the part of the plaintiff concerning the effect of his conduct on his common law remedy was a mistake of fact. "It has been held that ignorance of the compensation act is not a mistake of law. It is a mistake of fact." Text 1 Schneider, Workmen's Compensation (3d *ed.*) 238.

Any mistake made by the plaintiff, of course, was not mutual. The principles relating to cancellation or setting aside for a unilateral mistake have been stated as follows: "It is the rule in general that a contract will not be reformed for a unilateral mistake, nor does such a mistake, of itself render the transaction voidable. However, equitable relief by way of rescission may be given if the mistake relates to a material feature of the contract, if it is of such grave consequence that enforcement of the contract as made will be unconscionable, if it occurred notwithstanding the exercise of ordinary diligence by the party making the mistake, and if the other party can be put *in statu quo*. Some courts are inclined to limit the granting of relief to cases where the mistake was induced or brought about by the inequitable conduct of, or was known to and wrongfully acted upon or taken advantage of, by the other contracting party." 3 Pomeroy, Equity Jurisprudence (5th *ed.* ) 388, 389.

It cannot be said that the statutory provisions of compensation are unconscionable as compared with the workman's right of action at common law.

Nor was any mistake of the plaintiff induced by inequitable conduct of the defendant or its insurer. The defendant is not estopped from setting up its plea in bar. In *Eleftherion* v. *Company*, 84 N. H. 32, the defendant through its interpreter was negligent and misled the employee, so that it was held that the acceptance of compensation did not bar the common law action. In the case of *Rickle* v. *Mills*, 93 N. H. 191, which involved releases, this court said at page 195: "And since it could be found that this mistake was occasioned by the misleading conduct of the insurance company the order of the Presiding

Justice setting aside the releases must be affirmed, even though the conduct of the insurance company was not 'intentionally misleading.'"

The plaintiff relies upon the concluding paragraph of *Eleftherion* v. *Company, supra,* in which it is queried whether a workman may have relief from an acceptance of compensation due to an innocent mistake not chargeable to the employer. Since under the Act this plaintiff is barred because of conduct that he must be held to have understood and since there is no relief for ignorance as to the effect of such conduct either under the statute or in equity, the plaintiff cannot avoid the consequences of his actions. "Election to claim or accept compensation, when the act for some reason gives the injured employee the right to sue the employer at law, generally precludes the employee from exercising the common law remedy, if at the time he had two valid available inconsistent remedies and even though . . . it is claimed the employee was ignorant of the provisions of the act when he accepted compensation, provided there was no fraud or overreaching." Text 1 Schneider, Workmen's Compensation (3d *ed.*) 237.

In *Churchill* v. *Company,* 86 N. H. 415, the court in denying a motion to amend an action on the case by substituting a petition for compensation, did say that there was no allegation that the plaintiff did not act understandingly. But elsewhere (page 416) it was more specific concerning what was meant by lack of understanding: "A valid election, however, pre-supposes action understandingly taken without fraud . . . by one legally competent to act." "Neither is the circumstance that the actor did not know all the facts which, if known, might have prevented the transaction, a ground for equitable relief." *Id.,* 418.

Nothing appears in the record that indicates that the plaintiff has disqualified himself for claiming compensation.

*Judgment for the defendant.*

All concurred.