Merrimack,
Dec. 7, 1948. } No. 3795.

DORIS COLL *v.* SUNCOOK MILLS INC., *Alias* TEXTRON, INC.

*Bois & Bois (Mr. Maurice P. Bois* orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* and *Alvah W. Sulloway* (*Mr. Alvah W. Sulloway* orally), for the defendant.

DUNCAN, J. The plaintiff suffered a partial dislocation of her right hip, and a fracture of the neck of the right femur. She was interviewed by the district claims manager of the defendant's insurer shortly after her discharge from the hospital. During her minority, she had lived and received her education in Canada. She spoke little English, and was unable to read it. Consequently, her husband, who was a man of limited education acted as interpreter. He spoke both French and English and read English somewhat. The insurer's agent offered the plaintiff compensation at the rate of half her weekly wage, and sought her signature to a written agreement the execution of which is not disputed.

The pertinent provisions of the agreement follow: "I elect to accept the benefits provided by the Workmen's Compensation Act of New Hampshire rather than to bring suit at common law. Therefore it is agreed . . . that there will be paid compensation at the rate of $15.27 per week . . . payable from and including the 18th day of October 1945, until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of New Hampshire."

There was evidence to warrant the finding that the agreement was interpreted to the plaintiff, and it appeared that before it was executed, the plaintiff's husband, with the agent, consulted her attending physician concerning it. It could be found that after assurance

that the plaintiff would be entitled under the agreement to compensation for permanent disability, if it should result, the physician recommended acceptance of the offer, and execution of the agreement. His recommendation was reported to the plaintiff by her husband, and the document was executed.

The plaintiff, testifying through an interpreter, reiterated her understanding that she was to receive compensation "up to five years . . . if I was unable to work." The agent testified that the period of compensation was described by him as three hundred weeks, and that the matter of common law rights was discussed, through the plaintiff's husband.

The findings made by the Trial Court were fully warranted by the evidence, and the defendant's plea was properly sustained. The election which the plaintiff executed did not purport to be a settlement of her claims, but was an open end agreement for compensation in accordance with the Workmen's Compensation Act. The evidence failed to establish as a matter of law that material facts were misrepresented to the plaintiff, or that the conduct of the agent occasioned any misconception on her part of the nature and effect of her action. Cf. *Eleftherion* v. *Company*, 84 N. H. 32. Her own testimony was devoid of any basis for a finding of fraud. While there was other evidence suggestive of inaccuracy of statement by the agent, and of opportunity for misunderstanding on the part of the plaintiff, it did not require acceptance by the Court. Accordingly, the order is

*Exceptions overruled.*

All concurred.