410 P.2d 119

**Marie E. REAM, Appellant,**

**v.**

**Marion WENDT, dba the Palm Grove, Appellee.**

**No. 2 CA–CIV 120.**

Court of Appeals of Arizona.

Jan. 25, 1966.

[black bar]

———◆———

Ramon R. Alvarez, Douglas, for appellant.

The Industrial Commission of Arizona, by Glen D. Webster, Jr., and Robert K. Park, Phoenix, for appellee.

MOLLOY, Judge.

This is an appeal from a summary judgment rendered in a negligence action in favor of the defendant on the grounds that the plaintiff's exclusive remedy against the defendant-employer is a proceeding under the Workmen's Compensation Act.

The plaintiff, employed by the defendant as a waitress in a bar and restaurant in Douglas, Arizona, known as The Palm Grove, was injured during the course of her employment on January 29, 1964. Subsequent to her accident, the plaintiff applied to The Industrial Commission of Arizona for compensation. On April 9, 1964, The Industrial Commission made an award, finding that the plaintiff had sustained a personal injury by accident arising out of and in the course of her employment on January 29, 1964, that at the time of said accident the defendant-employer was insured against liability for the payment of accident benefits and compensation, that the plaintiff was entitled to temporary disability from January 30, 1964 through February 16, 1964, and that the plaintiff had suffered no physical disability resulting from said accident. On the basis of these findings, The Industrial Commission awarded accident benefits and the sum of $76.93 for temporary total disability.

Previous to this award, on approximately March 16, 1964, the plaintiff consulted with an attorney about the possibility of bringing legal action against the defendant. Subsequent to this conference, and previous to the award, the plaintiff submitted to The Industrial Commission a supplemental claim for compensation, and subsequent to the award of April 9, 1964, the plaintiff received and cashed a check for $8.55 from The Industrial Commission as final payment of the $76.93 allowed for temporary total disability.

The plaintiff's suit against the defendant-employer is based on three contentions: (1) that A.R.S. § 23–906, subsec. C providing, inter alia, that employees who fail to reject the Workmen's Compensation Act prior to injury are "* * * conclusively presumed to have elected to take compensation * * *" is unconstitutional; (2) that the defendant-employer either did not post notices of the right to reject workmen's compensation as provided by A.R.S. § 23–906, subsec. D and/or that the employer failed to keep available forms for the rejection of workmen's compensation as provided by A.R.S. § 23–906, subsec. B; and (3) that the plaintiff did not, by making a claim for compensation, waive the option to bring an action against her employer because when she made such claim she did not know of her alternative remedies, and did not know that filing a claim for compensation would constitute a waiver of a right to bring a negligence action against her employer.

The monies received by the plaintiff for compensation and those paid out on her behalf as accident benefits have not been tendered back, but, on December 14, 1964, after this action had been pending since June 19, 1964, the plaintiff filed a document denominated "Notice and Tender," in which she requested that she be forthwith notified of the total of monies expended on her behalf and in which she stated that upon notification such sum would be forthwith remitted to The Industrial Commission. This information seems to have previously been provided, however, for in an affidavit of Glen D. Webster, Jr., defendant's attorney, filed November 16, 1964 in support of the defendant's motion for summary judgment, the amounts expended for medical benefits and paid for temporary total disability were set forth as being $411.00 and $76.93 respectively.

We first proceed to the attack upon the constitutionality of A.R.S. § 23–906. The

contention is made that this section, insofar as it provides for a conclusive election to take workmen's compensation benefits by failure to reject the Act prior to injury, is in violation of art. 18, §§ 6 and 8 [1] of the Arizona Constitution, A.R.S. The plaintiff points out that it is the law of this jurisdiction that art. 18, § 6 solidifies in the Constitution the right to bring a negligence action for personal injury. Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658 (1926).

In Industrial Commission of Arizona v. Crisman, 22 Ariz. 579, 199 P. 390 (1921), our Supreme Court held the then existing Workmen's Compensation Act unconstitutional because of a similar provision to that challenged now in the present Act. At that time, art. 18, § 8 of our Constitution ended with the proviso: " * * * that it shall be optional with said employee to settle for such compensation, or retain the right to sue said employer as provided by this Constitution." Provision for a conclusive election by failing to reject prior to injury, as contained in § 60 of the old Act, was held to be a violation of this proviso, and the entire Workmen's Compensation Act was struck down.

Thereafter, in 1925, the subject provision in the Constitution was amended by adding thereto the following language:

" * * * provided further, in order to assure and make certain a just and humane compensation law in the State of Arizona, for the relief and protection of such workmen, their widows, children or dependents, as defined by law, from the burdensome, expensive and litigious remedies for injuries to or death of such workmen, now existing in the State of Arizona, and producing uncertain and unequal compensation therefor, such employee, engaged in such private employment, *may* exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to the injury." (Emphasis added.)

---

1. "§ 6.  Recovery of damages for injuries
"Section 6.  The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."
"§ 8.  Workmen's compensation law
"Section 8.  The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in all public employment whether of the State, or any political sub-division or municipality thereof as may be defined by law and in such private employment as the Legislature may prescribe by which compensation shall be required to be paid to any such workman, in case of his injury and to his dependents, as defined by law, in case of his death, by his employer, if in the course · of such employment personal injury to or death of any such workman from any accident arising out of and in the course of, such employment, is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof, or by failure of such employer, or any of his or its agents or employee or employees to exercise due care, or to comply with any law affecting such employment; provided that it shall be optional with any employee engaged in any such private employment to settle for such compensation, or to retain the right to sue said employer as provided by this Constitution; and, provided further, in order to assure and make certain a just and humane compensation law in the State of Arizona, for the relief and protection of such workmen, their widows, children or dependents, as defined by law, from the burdensome, expensive and litigious remedies for injuries to or death of such workmen, now existing in the State of Arizona, and producing uncertain and unequal compensation therefor, such employee, engaged in such private employment, may exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to the injury.
"The percentages and amounts of compensation provided in House Bill No. 227 enacted by the Seventh Legislature of the State of Arizona, shall never be reduced nor any industry included within the provision of said House Bill No. 227 eliminated except by initiated or referred measure as provided by this Constitution. As amended, election Sept. 29, 1925, eff. Nov. 2, 1925."

In the Alabam's Freight Company case, supra, the new Act was challenged as to its constitutionality and upheld, against a many-pronged attack, with one exception. The court found that that portion of the Act granting an election to reject the Act only to those employees engaged in hazardous employment was in violation of art. 18, § 8 in that it did not grant the election to all employees, and the court held that the election provision under the mandate of this constitutional provision must apply to all employees. As thus construed, the new Act was held to be valid.

It is the plaintiff's contention, however, that the specific attack as to constitutionality now made was not before the court in the Alabam's Freight Company case nor did the court then have the doctrine pertaining to election of remedies established by the three Pressley decisions. Pressley v. Industrial Commission, 72 Ariz. 299, 233 P.2d 1082 (1951); Pressley v. Industrial Commission, 73 Ariz. 22, 236 P.2d 1011 (1951); State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992 (1952).

The gist of the plaintiff's argument is that the additional language added to art. 18, § 8 in 1925 provides only that the employee "may" exercise an option to settle for compensation by failing to reject and that this permissive word gives a right to the employee without granting to the legislature the right to provide that a failure to reject prior to injury is *conclusively* deemed to be a waiver of the right to bring a negligence action.

The plaintiff's argument that the three Pressley decisions in some way affects the basic constitutional law as to an employee's options to either take compensation or bring suit verges into the next contention of the plaintiff which is that there can be no waiver of the right to sue the employer by filing a claim for compensation unless the employee knows of the existence of alternative remedies and the fact that such a claim will constitute a waiver.

In the Pressley decisions our Supreme Court determined that knowledge of alternative remedies and an intention to elect is necessary in order for A.R.S. § 23–1024[2] to be enforced insofar as an election to sue a third party tort-feasor is concerned.

The plaintiff points out that in the Alabam's Freight Company case our Supreme Court said:

> "The common-law action of negligence, as modified by the Constitution, is now as much 'provided' by that instrument for the benefit of all, be they employees or others, as are the Employers' Liability Law or the Compensation Act, for certain classes of employees, and no statute can take away the right to pursue it without granting a *reasonable election* to all who, on the facts, are entitled to it." (Emphasis added) 29 Ariz. 419, 444, 242 P. 658, 666 (1926)

Plaintiff contends that A.R.S. § 23–906 does not provide a reasonable election in that it does not require that the employee have any knowledge of alternative remedies and that unless A.R.S. § 23–1024 is construed as in the Pressley decisions to require knowledge, it too would be unconstitutional as applied to employers.

An examination of the notice required to be posted by A.R.S. § 23–906 lends support to the plaintiff's contention that knowledge of alternative remedies is not necessarily

2. "§ 23–1024. Choice of remedy as waiver of alternate remedy

"A. An employee, or his legal representative in event death results, who makes application for an award, or with the consent of the commission accepts compensation from an employer, waives the right to exercise any option to institute proceedings in court.

"B. An employee, or his legal representative in event death results, who exercises any option to institute proceedings in court waives any right to an award or direct payment of compensation from his employer."

brought home to the employee. The notice required to be posted reads as follows:

"All employees are hereby notified that in the event they do not specifically reject the provisions of the compulsory compensation law they are deemed by the laws of Arizona to have accepted the provisions of such law, and to have elected to accept compensation under the terms of such law, and that under the terms thereof employees have the right to reject the same by written notice thereof prior to any injury sustained, and that blanks and forms for such notice are available to all employees at the office of this company." A.R.S. § 23–906, subsec. D

It is significant that this notice in no way mentions any possible alternative remedy against an employer and is worded in such a way that by failing to reject the Act, the employee would seem to be only *gaining benefits* without any notice that the employee might be *losing* anything in the process. It is also obvious that even though such a notice might be posted, many employees may never read the same.

■ We have come to the determination that the plaintiff's attempt to apply the law of the Pressley decisions to the employer-employee relationship is not proper. We find a fundamental difference, both under our Constitution and under the Workmen's Compensation Act of our state, between bringing an action by an employee against a third party tort-feasor, and bringing an action against an employer. This difference is patent in the constitutional provision providing for the Workmen's Compensation Act. Though this provision (art. 18, § 8) grants to the employer immunity from common law suit by the employee, it makes no mention of third party tort-feasors.

■ It seems clear then that by virtue of art. 18, § 8 an employee lost no rights against a third party tort-feasor. Therefore, it was most necessary that the Supreme Court, before upholding a waiver of the right to sue a third party tort-feasor, require that all of the essentials for the waiver of any constitutional right be present. Most constitutional rights may be waived, providing the basic requirements laid down in the Pressley decisions are met. 16 C.J.S. Constitutional Law § 89, p. 263 et seq.; 16 Am.Jur.2d Constitutional Law § 131, p. 328.

■ But, because it was necessary for the court to write this language into our statutes in connection with the waiver of a right to sue a third party tort-feasor should not mean that the same language must be written into our statutes in dealing with the employer-employee situation. One of the express purposes for the adoption of art. 18, § 8 and the Workmen's Compensation Act mandated by it was to curtail litigation between employer and employee. It would appear that A.R.S. § 23–1024 particularly was adopted for this purpose.

The statute has selected readily ascertainable events as being the criterion of waiver. If it should become necessary for constitutional reasons to judicially write into this statute subjective intent as being the test, then the legislative intent will be frustrated, for the very intangibility of the test imposed will invite rather than inhibit litigation.

This section of our Code has come to us from the Compensation Act of the State of Ohio. Industrial Commission v. Frohmiller, 60 Ariz. 464, 469, 140 P.2d 219, 221 (1943). In that state the statutory provision under consideration has been construed as providing for a waiver of the right to sue the employer without the requirement that there be the subjective intent to waive the right. Zilch v. Bomgardner, 91 Ohio St. 205, 110 N.E. 459 (1915); Lopez v. King Bridge Co., 108 Ohio St. 1, 140 N.E. 322 (1923); Conrad v. Youghiogheny & Ohio Coal Company, 107 Ohio St. 387, 140 N.E. 482, 36 A.L.R. 1288 (1923).

Our conclusion that there need not be the "reasonable election," referred to in the

Alabam's Freight Company decision and defined in the third Pressley decision (74 Ariz. 412, 416, 250 P.2d 992), afforded to the employee in connection with the choice between a workmen's compensation claim and a suit against the employer is influenced largely by the history of the constitutional amendment of 1925, which gave us art. 18, § 8 as it now exists.

Legislation proposing the amendment to the Constitution (ch. 82, Session Laws of 1925), was adopted at the very same session as the new Workmen's Compensation Act (ch. 83 of Session Laws of 1925—which is House Bill No. 227 referred to in the constitutional amendment). In the official publicity circulated by the Secretary of State in connection with this proposed amendment both the constitutional amendment and the Workmen's Compensation Act were set forth in haec verba. The publicity pamphlet circulated with the proposed amendment clearly indicated that the amendment was for the specific purpose of avoiding the Crisman decision and of validating the new Act.[3] Because of this history, our Supreme Court has held that this amendment to the Constitution and the Workmen's Compensation Act are to be construed together. Red Rover Copper Company v. Industrial Commission, 58 Ariz. 203, 211, 118 P.2d 1102, 1105, 137 A.L.R. 740 (1941).

Considering the fact that the Crisman decision, striking down the old Act, was based specifically on the objection that there could not be a legislative provision for a conclusive waiver of the right to bring a tort action by the failure to reject prior to injury, it seems to be crystal-clear that the constitutional amendment of 1925 was intended to permit this to be done.

■ The constitutional amendment in question does not provide that there may be an exercise of the option to sue by failing to reject prior to injury *if* the employee had knowledge of alternative remedies and

intended to exercise such an option. And, in view of the fact that art. 18, § 8 supersedes art. 18, § 6 to the extent that there is conflict, Pressley v. Industrial Commission, 73 Ariz. 22, 30, 236 P.2d 1011, 1017 (1951), there is no need to write these requirements of subjective knowledge and subjective intent into the clear language of the pertinent statutes insofar as employers are concerned.

In Corral v. Ocean Accident & Guarantee Corporation, 42 Ariz. 213, 23 P.2d 934 (1933), our Supreme Court held that the failure to post notices as required by the Act and/or to have blank rejection forms available would not give to a personal representative of a deceased workman who had not rejected prior to injury any option to sue the employer. It seems apparent in Corral that no "reasonable election" was afforded to either the deceased or his personal representative, and yet the conclusive presumption was applied:

> "If, however, the employer fails to post notices as provided in sections 60 and 61, or to have available for the employee blank forms of notice, and the employee is injured during said period when blanks were not available or such notice was not posted, it shall be optional with the employee to accept compensation or maintain other action against the employer. The employee's personal representative is given no right of option. The right is personal to the employee.

> "If an employee is killed and has not during his lifetime rejected the compensation law, his rights and those of his dependents are conclusively and irrevocably fixed by the compensation law and must be administered by the Industrial Commission." 42 Ariz. 213, 220, 23 P.2d 934, 936–937 (1933)

That there is a fundamental difference between the right to sue a third party tortfeasor and the right to sue an employer

---

3. The portion of this argument is set forth in the Note to the dissenting opinion in

Marquez v. Rapid Harvest, 1 Ariz.App. 562, 405 P.2d 814, 819 (1965).

covered by the Act is pointed up by the nature of the circumstances that give rise to the removal of the employer's immunity. We have already noted that the notice required to be posted may convey very little to an average workman, and yet A.R.S. § 23-906, subsec. E seems to provide that failure to post this notice, regardless of how much the particular workman may have actually known about the inconsistency of the two remedies, constitutes a forfeiture of the employer's immunity from common law suit. The failure to keep available rejection slips, regardless of whether or not the workman has wanted one, is an even less substantial event. In comparison, the making of a claim for compensation and the acceptance of compensation by the employee will ordinarily be actions of at least equal substance to these events which give rise to the option to bring suit, and therefore it is not inappropriate that the legislature should select these actions by the employee as those constituting a waiver of the option so granted.

Even without such a statute as A.R.S. § 23-1024, most courts have come to the conclusion that if workmen's compensation and an action in tort against the employer are inconsistent remedies, then the pursuing of one as far as has been done in this case, so that an award has been rendered which is res judicata as between the parties, Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949), precludes the claimant from proceeding in the other direction. The following quotation is pertinent:

> "Election to claim or accept compensation, when the Act for some reason gives the injured employee the right to sue the employer at law, generally precludes the employee from exercising his common law remedy * * * even though * * * it is claimed the employee was ignorant of the provisions of the Act when he accepted compensation, provided there was no fraud or overreaching." 1 Schneider, Workmen's Compensation Text, § 98, p. 237.

Among the decisions reaching the result of waiver without subjective intent by reason of pursuing the Workmen's Compensation remedy to an award or by accepting compensation are: Chickachop v. Man Power, Inc., 84 N.J.Super. 129, 201 A.2d 90 (1964); Brassel v. Electric Welding Co. of America, 239 N.Y. 78, 145 N.E. 745 (1924); H. L. Hutton & Co. v. District Court of Kay County, 398 P.2d 530 (Okl.1965); Carignan v. Amoskeag Hamper Co., 95 N.H. 262, 61 A.2d 799 (1948); Kentucky Road Oiling Co. v. Sharp, 257 Ky. 378, 78 S.W.2d 38 (1935); Annotation 50 A.L.R. 223. Contra, Mike Hooks, Inc. v. Pena, 313 F.2d 696 (5th Cir. 1963).

By holding that the subject statute (A.R.S. § 23-1024) means what it says when it states that the filing of a claim for an award or the acceptance of compensation constitutes a waiver of the right to sue the employer in negligence, this court does not intend to foreclose the setting aside of such an election for equitable reasons. Generally, courts have been inclined not to hold a fruitless pursuit of one remedy to be a waiver of the right to pursue the other remedy. Conrad v. Youghiogheny & Ohio Coal Co., 107 Ohio St. 387, 140 N.E. 482, 36 A.L.R. 1288 (1923); Larson, Workmen's Compensation § 66.22; Jeune v. Industrial Commission, 77 Ariz. 410, 274 P.2d 85 (1954). Also, we do not reject decisions such as Fisher v. City of Independence, 370 S.W.2d 310 (Mo.1963), which hold that such an election may be set aside for mutual mistake, or overreaching by the employer, nor cases such as Smith v. Price Brothers Co., 131 F.2d 750 (6th Cir.1943), cert. denied 318 U.S. 762, 63 S.Ct. 560, 87 L.Ed. 1134, which hold that when the action taken by the employee constituting an election is made at a time when the employee was for any reason mentally incapable of transacting business the election is not binding.

There are, however, no such considerations present here. The plaintiff has been successful in her claim for compensation and accident benefits. The award of the Commission finding no permanent disability may be reopened upon a showing of change in physical condition arising out of the injury in question. Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964). There is no showing of fraud, overreaching or unequitable conduct on the part of the employer. Under the facts of this case we hold that there is no equitable reason to relieve the plaintiff from the waiver provided under the subject statute by the making of a claim for an award under the Workmen's Compensation Act.

The plaintiff has argued that A.R.S. § 23–1024 is not applicable to the employee's option to sue the employer, but pertains only to a third party election. The source of this contention is a statement made by our Supreme Court in the second Pressley case:

"We hold that section 56–950, supra, [now A.R.S. § 23–1024] which provides what constitutes an election, applies to the election to pursue a remedy against third parties under section 56–949, supra, [now A.R.S. § 23–1023] *and not otherwise.*" (Emphasis added.) 73 Ariz. 22, 30, 236 P.2d 1011, 1017 (1951).

This court is not clear as to what is meant by these words " * * * and not otherwise." However, if it was intended by these words to exclude from the application of the subject waiver statute the employee vs. employer situation, then the words are clearly obiter dictum, because the Pressley decisions had nothing whatsoever to do with an option of an employee to sue an employer. In retrospect, it is somewhat of a stretching of the wording of A.R.S. § 23–1024 (then § 56–950 R.S.1939) to apply it to the "election" to sue third parties as provided in A.R.S. § 23–1023 (then § 56–949 R.S.1939). The only "options" pro-

vided in the Workmen's Compensation Act[4] are in relation to the employer-employee situation and our court could very well have held, without doing violence to the Act, that A.R.S. § 23–1024 had no application to the "election" to sue a third party. As previously noted herein, the result reached in Pressley is supportable on common law principles of waiver alone.

However, to hold that A.R.S. § 23–1024, which provides that it is applicable to " * * * *any* option to institute proceedings in court," (emphasis added) applies *only* to an election to sue a third party tort-feasor would do extreme violence to the language of this statute. If the subject statute did not apply to the option either to sue the employer or to claim compensation, the obvious place to have said so would have been in the Jeune v. Industrial Commission case, 77 Ariz. 410, 274 P.2d 85 (1954), which was a case involving the waiver of the option to claim compensation, after having sued the employer. We hold that A.R.S. § 23–1024 does apply to the option now before the court, that is, the option provided by A.R.S. § 23–906, subsec. E.

In her brief, the plaintiff further argues that under the Pressley decisions, she is entitled to claim medical benefits under the Workmen's Compensation Act and still proceed against the employer in tort. The third Pressley decision determined that the word "compensation" in the first sentence of A.R.S. § 23–1023 did *not* include accident benefits (74 Ariz. 412, 420, 250 P.2d 992. We are here concerned with the meaning of the word "compensation" as contained in A.R.S. § 23–906, subsec. E, with the plaintiff asking us to hold that the statutory definition of compensation as contained in A.R.S. § 23–901, subsec. 3 is not applicable and that the word has the same meaning as the word "compensation" in the first sentence of A.R.S. § 23–1023. We decline to rule upon this con-

---

4. Two such "options" are provided for: A.R.S. § 23–906, subsec. E, and A.R.S. § 23–1022. The alternative right to claim compensation from an uninsured employer is expressed by "in lieu of" language. A.R.S. § 23–907.

tention, because we do not find it necessary for a decision herein. In this case we are not talking about accident benefits accepted by an injured employee without having made an application for an award. Here we have an application for an award together with the acceptance of "compensation," both in the sense of the Pressley decision and in the sense of the statutory definition contained in A.R.S. § 23–901, subsec. 3. The making of an application for an award and the accepting of compensation are the two acts selected by A.R.S. § 23–1024 as being those constituting the waiver to sue the employer. Either one is sufficient under the language of this statute and both are present here.

Having reached the conclusion that the undisputed facts require an affirmance of the decision rendered below under the reasoning hereinbefore set out, we do not rule upon the appellee's contentions that there was no substantial evidence before the lower court that the forms required by A.R.S. § 23–906 were not posted and kept available.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.