711 P.2d 595

**Richard ANDERSON, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Trico Gins, Respondent Employer,**

**State Compensation Fund, Respondent Insurance Carrier.**

**No. 18071–PR.**

Supreme Court of Arizona, En Banc.

Dec. 24, 1985.

Kenneth Allen, Rabinovitz & Associates, P.C. by Bernard Rabinovitz, Robert Grabb, Tucson, for petitioner.

Dennis Kavanaugh, Chief Counsel, Industrial Com'n., John Greer, State Compensation Fund, Phoenix, James Crane, State Compensation Fund, Tucson, for Trico Gins/State Compensation Fund.

Jones, Skelton & Hochuli by William Jones, Calvin Harris, Phoenix, for American Ins. Assoc./Arizona Chamber of Commerce, amicus curiae.

Fennemore, Craig, von Ammon, Udall & Powers, P.C. by Scot Butler, III, Evans, Kitchel & Jenckes, P.C. by John Main, Jr., Phoenix, for Arizona Self-Insurer's Assoc. amicus curiae.

FELDMAN, Justice.

We granted review in this workers' compensation case to examine whether A.R.S. § 23–1024(A) may be construed to require a finding that a worker's acceptance of compensation benefits is a waiver of his constitutional tort remedy against his employer. The worker argues that such a construction of the statute violates art. 18, §§ 6 & 8 of the Arizona Constitution. Review was granted pursuant to Rule 23, Ariz.R.Civ.App.P., 17A A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

FACTS

1. *The System*

This case cannot be understood without a preliminary description of the Arizona worker's compensation system. In theory, a covered worker may choose between the compensation system and the tort system. The choice must be made by written rejection of the compensation system and filed with the employer *before* injury. A.R.S. § 23–906(C). With some exceptions not relevant to this case, our law provides that for those who fail to reject, the compensation system is the employee's "exclusive remedy against the employer or any co-employee acting in the scope of his employment...." A.R.S. § 23–1022(A). Thus, an injured employee who has failed, before injury, to reject the workers' compensation system may not maintain a common law tort action against his employer. However, the foregoing provisions are applicable only when the employer has complied with A.R.S. § 23–906(D) by posting a notice to employees. The notice must inform employees that they will be covered by the "compulsory compensation law" and are "deemed" to have accepted such coverage and waived their common law remedies unless they have "specifically reject[ed] the provisions of the compulsory compensation law ... prior to any injury sustained, ..." § 23–906(D).

The employer in the case before us allegedly failed to post the notice required by § 23–906(D). In such situations § 23–906(E) provides that an employee injured while the notices were not posted "shall

[not] be deemed to have accepted" the compensation scheme, so that "it shall be optional for such employee, ... to accept compensation under the provisions of this chapter or maintain other action against the employer." The other action, of course, is whatever common law tort remedies may be applicable.

Thus, with respect to employers who comply with § 23–906(D) a worker is deemed by operation of law to have waived his common law rights unless there is a rejection of workers' compensation by notice before injury. With respect to a noncomplying employer, however, the worker may make an election after injury; he may either accept compensation or maintain a tort action against his employer. A.R.S. § 23–1024 provides that such a choice may be made in the following manner:

> Choice of remedy as waiver of alternate remedy.
>
> A. An employee ... who accepts compensation waives the right to exercise any option to institute proceedings in court against his employer or any co-employee ...

### 2. The Occurrence

Petitioner sustained a severe injury to his left leg on January 29, 1983, when a co-employee started a cotton gin while petitioner was exposed to uncovered blades. At the time, petitioner was seventeen years of age. He was hospitalized for over six weeks and underwent multiple operations in a successful effort to save his leg. His injury caused extreme pain, and he was medicated with morphine, tranquilizers, muscle relaxants and sleeping medications. During the course of his hospitalization, his mother brought him claim forms from the State Compensation Fund (Fund), the employer's compensation carrier. Petitioner signed the claim forms, accepted a compensation check sent to him by the Fund, endorsed it and gave it to his mother to negotiate. The Fund also paid medical benefits. Eventually, petitioner retained the services of an attorney who notified the Fund that petitioner did not wish to pursue a worker's compensation claim. The attorney tendered back the compensation benefits that petitioner had received, but not the medical benefits that the Fund had expended for petitioner's medical and hospital expenses. Soon after, petitioner filed a tort action against the employer, the co-employee and others. The issue we face is whether that action can be maintained or whether petitioner waived it by accepting the compensation check.

Petitioner claims that at the time he signed the various forms and endorsed the compensation check he was not competent to understand the nature of his acts and was unaware that he was accepting compensation. Petitioner attempted to withdraw his claim, and a hearing was held at which the administrative law judge (ALJ) heard evidence on both sides of this question. The ALJ found that petitioner had the capacity to understand and had understood that he was accepting compensation. On review, the court of appeals held that the ALJ's finding was supported by the evidence. *See* A.R.S. §§ 23–943 and 23–951. We agree.

However, the ALJ did not make a specific finding on petitioner's second argument. Petitioner contends that A.R.S. § 23–1024(A) cannot be constitutionally interpreted to permit a finding that an employee waived his common law tort remedies by knowing acceptance of compensation unless the injured employee also knew that the acceptance of compensation would constitute such a waiver. Petitioner claims that he had no such knowledge. The ALJ made no finding on this point because he deemed it legally irrelevant. A majority of the court of appeals agreed, holding that "[a] waiver occurs even if the worker did not know of his alternative remedies or of the consequences of his acceptance of compensation." *Anderson v. Industrial Commission,* (No. 1 CA–IC 3161, Memorandum Decision, filed January 17, 1985; slip op. at 7.) The court relied on *Southwest Cooperative Wholesale v. Superior Court,* 13 Ariz.App. 453, 477 P.2d 572 (1970) which held that the "statutorily defined *act* of ...

accepting benefits operated as a binding waiver of the right to sue an allegedly non-complying employer, regardless of any lack of knowledge." *Id.* at 457, 477 P.2d at 576, citing *Ream v. Wendt*, 2 Ariz.App. 497, 410 P.2d 119 (1966).

### 3. *The Issue*

Petitioner argues that such an interpretation of § 23-1024(A) is contrary to our decision in *State ex rel Industrial Commission v. Pressley*, 74 Ariz. 412, 250 P.2d 992 (1952) (*Pressley III*). He argues that under *Pressley III* there can be no waiver of common law remedies by the mere acceptance of a compensation check, unless the injured worker is aware both that he is accepting compensation and that by so doing he is choosing between available remedies. Petitioner claims that this result is mandated by art. 18, §§ 6 & 8 of the Arizona Constitution. In order to decide the question we must briefly examine the history of the relevant constitutional provisions.

### WAIVER OF COMPENSATION RIGHTS UNDER THE ARIZONA CONSTITUTION

As adopted in 1912, our constitution provided as follows:

> Section 8: The legislature shall enact a workman's compulsory compensation law ... by which compulsory compensation shall be required to be paid ...; provided, that it shall be optional with said employee to settle for such compensation, or retain the right to sue said employer as provided by this constitution.

Ariz. Const. art. 18, § 8 (1912). The recognition that the injured workman might "retain the right to sue said employer as provided by this constitution" was, of course, a reference to the following:

> The right of action to recover damages for injuries shall never be abrogated, and

the amount recovered shall not be subject to any statutory limitation.

Ariz. Const. art. 18, § 6.[1]

Against this constitutional background, a worker's compensation act was passed by the first legislature in 1912. (Laws 1912, Ch. 89). Consistent with the dictates of the constitution, that act gave the employee an option to settle for compensation or pursue common law remedies against the employer, but provided that an election to take compensation would be deemed as having been made unless the employee rejected compensation *prior* to injury and elected to retain common law remedies. *Id.*, Section 14.

In *Consolidated Arizona Smelting Company v. Ujack*, 15 Ariz. 382, 139 P. 465 (1914) this court held that portion of the statute unconstitutional because it conflicted with the portion of art. 18, § 8 which stated, "it shall be optional with said employee to settle for such compensation or retain the right to sue." Reading the plain language, we reasoned that no meaningful election could be made before injury and that, therefore, an employee must be given the right to choose compensation or to sue *after* injury. We stated that the "employee's right to exercise this option being a constitutional right, legislation is impotent to deprive him of it." *Id.* 15 Ariz. at 387, 139 P. at 467. This right was affirmed in *Industrial Commission of Arizona v. Crisman*, 22 Ariz. 579, 199 P. 390 (1921), when we again struck down a re-enacted statutory prior injury requirement, explaining that compensation is not a "substitutionary remedy, [for the common law right of action] but an additional remedy." *Id.* at 582, 199 P. at 391. We also described the purpose of art. 18, § 8 as follows:

> ... it is not the intent of the Constitution to permit an employee to be deprived of

1. These were not the only provisions of the constitution which related to the tort remedies which an injured employee might assert against his employer. Article 18, § 3 forbade an employer to require his employees to enter into contracts granting the employer tort immunity or agreeing to release it from future liability for

negligence. Section 4 abolished the ancient common law doctrine of "fellow servant," so far as it affected the liability of a master for injuries to his servant. Section 5 transformed the defenses of contributory negligence and assumption of risk into questions "of fact" and provided that they "shall, at all times, be left to the jury."

his right of election before he has sufficient knowledge to enable him to choose his remedy in accordance with the dictates of his best interests. The idea of choice based upon full knowledge of the extent of the injury and the cause of it is contained in the constitutional mandate. *Id.*, at 591, 199 P. at 394, (McAlister, J., concurring).

Subsequent to the *Crisman* decision, and specifically in order to invalidate its holding, the constitution was amended in 1925 to substantially the form it has today,[2] providing that the worker might "exercise the option to settle for compensation by failing to reject it" prior to injury. In *Alabam's Freight Company v. Hunt*, 29 Ariz. 419, 242 P. 658 (1926), we construed these new provisions. A statutory waiver system was upheld, although § 60 of the act, insofar as it limited the option to elect only to employees in hazardous occupations, was held unconstitutional and was modified by the court to include all employees. *Id.* at 444–45, 242 P. at 666. In its analysis the court also noted the fundamental role of art. 18, § 6 in the compensation scheme.

> It is beyond question that the "right of action to recover damages for injuries ..." therein mentioned is the common-law action of negligence, and that by the prohibition against its abrogation it was taken from its status as one subject to the will of the legislature and imbedded in the Constitution, just as firmly and truly as the Compensation Act or Liability Law. Nay, more so, for these last two had only constitutional mandates which required positive action on the part of the legislature to make them effective, while the action for negligence needed no statutory aid, and its principal incidents were placed beyond legislative control.
>
> The common-law action of negligence as modified by the Constitution, is now as much "provided" by that instrument for the benefit of all, be they employees

or others, as are the Employers' Liability Law or the Compensation Act, for certain classes of employees, and no statute can take away the right to pursue it without granting a reasonable election to all who, on the facts, are entitled to it.

*Id.* at 443–44, 242 P. at 665–66.

Thus, there is an apparent constitutional conflict. The 1925 amendment to art. 18, § 8 permits the fiction that an election to waive tort remedies has been made if the employee fails to reject compensation prior to injury. The choice is deemed to have been made irrespective of the employee's actual knowledge of the value or existence of his common law remedies. On the other hand, art. 18, § 6 requires that "a reasonable election" be given to injured workers. *Alabams, supra.* This conflict came before us in *Pressley III.* This court addressed the question of whether a worker's knowing acceptance of compensation was a waiver of his common law tort remedies against a negligent third-party tortfeasor absent a showing that the injured workman was aware of his rights and intended to waive the tort remedy. We stated as follows:

> The question then arises whether Section 56–950, *supra*, [presently § 23–1024] affords the employee the "reasonable election" of remedies required by our holdings in *Alabam's Freight Co. v. Hunt* ... and *Moseley v. Lily Ice Cream Co.*, 38 Ariz. 417, 300 P. 958; for unless it does, this section is clearly unconstitutional. In cases like this an election is a waiver of one right and the acceptance of another in lieu thereof, and we hold that to be binding the election must be with knowledge (1) of the alternative remedies, and (2) that the acceptance of one waives the right to the other.... If the applicant does not have this knowledge, whether his ignorance be one of law or fact, he has in fact made no binding election.

**2.** In 1980 § 8 was again amended, Laws 1980, H.C.R. No. 2013. These amendments relate to situations where an injury is the result of a co-employee's acts and employer's intentional acts.

*Pressley III*, 74 Ariz. at 416, 250 P.2d at 994. Thus, although *Alabam's* held that the 1925 constitutional amendment permitted the legislature to mandate that an employee who had failed to reject compensation before injury had waived tort remedies and chosen compensation against a complying employer, *Pressley III* holds that the rule of *Ujack, Crisman* and *Moseley* still obtains with respect to the alleged waiver of the worker's common law remedies against a negligent party other than his employer.

## RESOLUTION

Which rule is the proper one to apply in cases involving a non-complying employer—one who has failed to post the notices required by § 23–906? This issue was presented to our court of appeals in *Ream v. Wendt, supra* and *Southwest Cooperative Wholesale v. Superior Court, supra.* On fact patterns similar to that presented by the case before us, the court of appeals held that the *Pressley* rule was not applicable. In each case the court held that knowing acceptance of compensation was a valid election, even though the worker accepting compensation did not know of the possible alternative remedies and did not intend to choose one over the other. *Southwest*, 13 Ariz.App. at 457, 477 P.2d at 576; *Ream*, 2 Ariz.App. at 502–04; 410 P.2d at 124–25. Essentially, the question is whether the common law test for waiver (intentional relinquishment of a known right) which *Pressley* applies to a worker's third-party tort action is also the test for waiver of tort remedies against employers. *Southwest* holds that the test is different and that the legislature may designate conduct as creating a waiver of rights against the employer as a matter of law, regardless of the claimant's intent or even if a contrary intent is expressed.

We believe that the latter view must prevail. The worker's tort remedy in third-party claims is constitutionally protected by art. 18, § 6, which forbids abrogation of the cause of action for damages. The test for abrogation is "reasonable election," *Alabam's, supra.* This requires knowledge.

*Pressley, supra.* So long as the worker's tort remedy is protected by art. 18, § 6, constitutional principle forbids the use of legislatively created fictions, presumptions and artificial hypotheses to deprive the victim of a tort remedy. *Kenyon v. Hammer*, 142 Ariz. 69, 88, 688 P.2d 961, 980 (1984) (Hays, J., concurring); *Barrio v. San Manuel Division Hospital*, 143 Ariz. 101, 692 P.2d 280 (1984).

However, an employee's tort action against his employer is not protected by the full reach of art. 18, § 6. The effect of that article on such actions is limited by art. 18, § 8 which requires the legislature to enact a compensation law and which specifically creates an exception to the "reasonable election" doctrine, thus permitting the legislature to provide that an employee's failure to reject before injury is an election to take compensation and waive tort remedies. In fact, the posting of notice as required by A.R.S. § 23–906(D) is not required by the constitution and is a benefit provided by statute. As amended in 1925, art. 18, § 8 permits the legislature to enact a compensation law providing that tort remedies have been waived by operation of law by all workers who fail to reject compensation before injury. The legislature has mitigated the reach of this provision by requiring the posting of notices before such a "statutory waiver" becomes effective. It has permitted the worker a greater opportunity to make a real choice where the employer has failed to post the statutory notice.

If ... the legislature can constitutionally predicate a binding election upon ignorant inaction prior to injury, we fail to see why it cannot constitutionally predicate a binding election upon the far more affirmative act of accepting compensation after injury. The question of the loss by the injured employee of his right to sue his employer is constitutionally distinguishable from the question of whether the injured employee has effectively waived or lost his right to sue [the] third-party tort-feasor.

*Southwest Cooperative Wholesalers v. Superior Court,* 13 Ariz.App. at 458, 477 P.2d at 577.

We hold, therefore, that the provisions of A.R.S. § 23–1024(A) may govern. A worker's intentional acceptance of compensation benefits is a statutory waiver of his or her common law tort remedy against the employer. The waiver is effected by the act of accepting compensation because § 23–1024(A) states that such acceptance is a waiver of common law remedies. The statute creates this waiver without attaching the condition that the worker understand that he has common law rights or that he is waiving them. Such a result might well be constitutionally impermissible under cases governed by art. 18, § 6. *See, Barrio v. San Manuel Division Hospital, supra.* The statutory waiver is permissible in this case because the provisions of art. 18, § 6 do not apply.

The decision of the court of appeals is approved as supplemented. The award is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.