Constance WILLS, a single woman,
Dennis Tomlinson, a married man;
Plaintiffs–Appellants,

v.

David DENLINGER; Frank Gonzales; Terry Starner; Gina Linch; Tom Powers; Marty Lepird; Mike Lehar; Trent Adamson; Chuck Hilton, employees of the Arizona Department of Public Safety, Defendants–Appellees.

No. 99–17621.

D.C. No. CV–98–00105–ACM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided May 29, 2001.

**932**

Before SCHROEDER, Chief Judge, D. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Plaintiffs-appellants Constance Wills and Dennis Tomlinson appeal from the district court's grant of summary judgment in favor of defendants in plaintiffs' 42 U.S.C. § 1983 action. Plaintiffs are probation officers who were arrested because their attempt to visit a probationer coincided with the exact time and place of a controlled drug buy. They contend that the arrest violated their Fourth Amendment rights, and additionally raise several state law tort claims stemming from the arrest and subsequent detention. We affirm.

First, the district court properly dismissed as defendants the State of Arizona and its agency, the Department of Public Safety. Arizona did not expressly consent to federal jurisdiction in the context of this litigation, *see Ashker v. California Dept. of Corrections,* 112 F.3d 392, 394 (9th Cir. 1997), and Arizona has not categorically waived its Eleventh Amendment sovereign immunity by consenting to suit in its own

state courts, *see State of Montana v. Gilham,* 133 F.3d 1133, 1138–39 (9th Cir. 1998); *Ronwin v. Shapiro,* 657 F.2d 1071, 1073–74 (9th Cir.1981).

■ The district court ruled that probable cause existed to arrest plaintiffs, and that in any event, the arresting officers were entitled to qualified immunity. Viewing the facts in the light most favorable to plaintiffs, *see Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1441 (9th Cir.1991), we conclude that the district court properly granted summary judgment for defendants because they had sufficient information before them to believe that plaintiffs participated in a narcotics transaction, *see id.* at 1442–45. Working with an informant, officers orchestrated two controlled deliveries of marijuana to a mobile home. Soon after the first delivery, surveillance officers stopped a vehicle which had briefly visited the mobile home, and discovered that the vehicle was loaded with marijuana. The plaintiffs arrived at the front door at the precise time the buyer was expected. The informant, who previously had told officers that she could not leave the home until the buyer arrived with the money to pay her for the deliveries, then exited the home through its back door. She informed officers that she had been paid and that she did not recognize plaintiffs, but they "could be" the buyers.

Officers stopped the plaintiffs' vehicle as they drove away from the mobile home, placed them under arrest, and searched their car and belongings. Officers found badges indicating that plaintiffs were probation officers and learned that they were driving a county vehicle, but plaintiffs did not identify themselves as probation officers. A search of the vehicle revealed no contraband. The officers did find a note-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

pad on the backseat with a list of addresses under the heading "Home Visits." After the car was searched, plaintiffs were transported to the station for questioning. Based on the fact that plaintiffs arrived at the same time the buyer was expected and the informant's statements that she had been paid and that plaintiffs "could be" the buyers, we conclude that a reasonable officer could have believed that probable cause existed. *See e.g., Illinois v. Gates,* 462 U.S. 213, 241–46, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Fixen,* 780 F.2d 1434, 1438 (9th Cir.1986). Accordingly, the officers here are entitled to qualified immunity. *See Fuller,* 950 F.2d at 1442–45.

■ The district court did not err in concluding that plaintiffs' negligence claims are barred by workers' compensation. Because all parties are state employees, plaintiffs cannot reject workers' compensation as their exclusive remedy for injuries sustained on the job. *See* Ariz. Const. Art. 18, § 8 (only private employees may opt out of workers' compensation provisions); *Delbridge v. Salt River Project Agric. Improvement and Power Dist.,* 182 Ariz. 46, 50, 893 P.2d 46, 50 (Ariz.Ct.App. 1994). Moreover, even assuming plaintiffs could reject workers' compensation, they failed to do so before their alleged injuries. *See* Ariz.Rev.Stat. § 23–906; *Anderson v. Industrial Comm'n of Arizona,* 147 Ariz. 456, 457, 711 P.2d 595, 596 (Ariz.1985) (in banc). To the extent plaintiffs argue that the dual capacity doctrine preserves their right to litigate, Arizona has not embraced the dual capacity doctrine, *see Diaz v. Magma Copper Co.,* 190 Ariz. 544, 552 & n. 6, 950 P.2d 1165, 1173 & n. 6 (Ariz.Ct.App. 1997); *Dugan v. American Express Travel Related Services Co., Inc.,* 185 Ariz. 93, 912 P.2d 1322, 1330 n. 6 (Ariz.Ct.App.1995), and we decline to do so here.

■ The district court also properly found that Wills waived her ability to sue her employer and/or co-employees for assault and battery because she accepted workers' compensation benefits. *See* Ariz. Rev.Stat. §§ 23–1022(A), 23–1024(A); *Anderson,* 147 Ariz. at 462, 711 P.2d at 601. Tomlinson did not waive his assault and battery claim, but his claim fails on this record. Officers were justified in using some physical force to effectuate what they reasonably believed to be a lawful arrest. *See* Ariz.Rev.Stat. §§ 13–409, 13–413; *see also Alexander v. County of Los Angeles,* 64 F.3d 1315, 1320 (9th Cir.1995) ("It is well settled that when an officer reasonably believes force is necessary to protect his own safety or the safety of the public, measures used to restrain individuals, such as stopping them at gunpoint and handcuffing them, are reasonable."). At most, Tomlinson's evidence indicates that officers removed him from the car, handcuffed and frisked him, and transported him to the DPS office.

Finally, Wills contends that the district court erred in dismissing her claim alleging intentional infliction of emotional distress under state law. Wills, however, has not shown that officers treated her in an unconscionable manner. *Cf. Ford v. Revlon,* 153 Ariz. 38, 43–44, 734 P.2d 580, 585–86 (Ariz.1987). Although Wills' arrest and booking were "inconvenient and embarrassing", the record reflects that officers treated her no differently than they would any other suspected participant in a narcotics transaction. *See Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 1557–58, 149 L.Ed.2d 549 (2001).

AFFIRMED.