532 P.2d 880

STATE of Arizona ex rel. ARIZONA STATE DEPARTMENT OF HEALTH, and Dr. Louis C. Kossuth, Commissioner, Appellant,

v.

Hayden VAN CLEVE, President, Van's A–1 Auction, an Arizona Corporation, Appellee.

No. 1 CA–CIV 2211.

Court of Appeals of Arizona, Division 1, Department B.

March 13, 1975.

Rehearing Denied April 18, 1975.
Review Denied May 28, 1975.

Bruce E. Babbitt, Atty. Gen., by Patrick M. Murphy, Asst. Atty. Gen., Phoenix, for appellant.

Tupper, Rapp, Schlosser & O'Connor by Edward Crehan Rapp, Phoenix, for appellee.

## OPINION

EUBANK, Judge.

This appeal questions whether A.R.S. § 36–796.07(1) exempts bedding manufactured, repaired or renovated prior to July 11, 1969, from the pre-sale sterilization requirements of A.R.S. § 36–796.04.

On February 7, 1972, the Commissioner of the Arizona Department of Health issued a Cease and Desist Order directing appellee to discontinue operations of the A–1 Auction which violated A.R.S. § 36–796.04. The statute provides in pertinent part:

"A. No person shall sell, offer for sale or include in a sale any item of secondhand bedding or any item of bedding of any type manufactured in whole or in part from secondhand material, including their component parts or wiping rags, unless such material has been treated and cleaned, by a method approved by the department."

Appellee failed to comply with the order and the State brought an action in Maricopa County Superior Court to enjoin the sale of secondhand bedding which had not

been sterilized as required by the statute. Relying on A.R.S. § 36–796.07(1), appellee moved to dismiss the complaint for failing to allege that the bedding in question was manufactured, repaired or renovated prior to July 11, 1969, the effective date of the statute. Section 36–796.07 provides:

"The provisions of this article shall not apply to:

1. *Bedding which has been manufactured, repaired or renovated prior to the effective date of this article.*

2. Any articles of bedding sold under the order of any court.

3. The sale of bedding by a householder of bedding owned and used by such householder and his family, and which was not acquired for resale, except that the sale of any such bedding by a householder through an agent shall be within the provisions of this article." (Emphasis added)

The trial court granted appellee's motion, ruling that the exception stated in § 36–796.07(1) exempted bedding manufactured, repaired or renovated before July 11, 1969, from the sterilization requirements of § 36.796.04.

At the outset, we note that the trial court dismissed the complaint for failing to allege the inapplicability of a statutory exception. Under Rule 8(d), Rules of Civil Procedure, 16 A.R.S., the burden of pleading the exception was upon appellee, not appellant. Consequently, the trial court erred in dismissing the complaint on that basis. *See* Keck v. Kelley, 16 Ariz.App. 163, 492 P.2d 412 (1972). Moreover, insofar as the trial court concluded that § 36–796.07(1) excepts *all* pre-July 1969 bedding from the sterilization requirement, it was also in error.

The legislature has enacted a comprehensive act regulating the manufacture, repair, renovation and sale of bedding. A.R.S. § 36–796.02 provides for descriptive labeling, and §§ 36–796.03 and 796.04(B) prohibit the use of certain materials, with regard to the *manufacture, repair and ren-*

*ovation* of bedding. Other provisions relate to the *sale* of *secondhand* bedding: § 36–796.04(A) requires pre-sale sterilization; § 36–796.04(C) requires special labeling. The regulatory scheme adopted by the legislature segregates secondhand sale from manufacture, repair and renovation provisions. *Compare, e.g.,* A.R.S. § 36–796.04(A) *with* subsection B. Consequently, we interpret the exception for bedding manufactured, repaired or renovated prior to July 11, 1969, to apply to those provisions in the statute governing manufacture, repair or renovation. Its application to the provisions governing the sale of secondhand bedding, however, is limited at best.

 In construing a statute, we are bound to effectuate the legislative intent embodied within it. A.R.S. § 1–211. Here, both parties recognize that by requiring pre-sale sterilization of secondhand bedding, the legislature intended to prevent the transmission of communicable disease. The date upon which used bedding may have been manufactured or refurbished is irrelevant to the risk of transmitting disease. It is the fact that the bedding is *secondhand* that is important. It may never have been repaired or renovated. Its date of manufacture has no relation to whether it has been used. As a result, an unrestricted application of the exception for pre-July 1969 bedding would defeat the purpose of those provisions relating to secondhand bedding. We are persuaded that the statutory exception was intended, at the very most, to permit the sale of secondhand bedding, *held for sale on July 11, 1969,* to proceed without regard to § 36–796.04. However, secondhand bedding not held for sale on that date, and bedding so held which is the subject of a second sale after that date, would be required to meet the pre-sale sterilization requirements of § 36–796.04. Any other interpretation would be clearly at variance with the legislative intent manifested by the regulatory scheme adopted. *See, e.g.,* Keller v. State, 46 Ariz. 106, 47 P.2d 442 (1935). Since we have held that the burden of proving the

exception was with the appellee, proving that the bedding involved here was held for sale on July 11, 1969, falls upon the appellee.

Appellee has made a detailed attack upon the act, challenging its constitutionality. We have reviewed these arguments, but do not find them persuasive.

The judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

JACOBSON, P. J., Department B, and HAIRE, C. J., Division 1, concur.